DECISION AND JUDGMENT ENTRY
{¶ 1} Michael Siniard appeals his conviction for receiving stolen property from the Huron County Court of Common Pleas on the ground that the trial court erred when it denied his motion to dismiss charges on speedy trial grounds. Because we find that Siniard did not properly follow R.C. 2941.401 and that no speedy trial violation occurred in bringing him to trial, we affirm his conviction.
 {¶ 2} Siniard raises a sole assignment of error in this appeal: "The trial court erred when it denied the motion of the defendant to dismiss the charges based on a denial of the defendant's right to a speedy trial." He bases his argument on a perceived violation of R.C. 2941.401,[1] which governs the time period that imprisoned individuals must be brought to trial if certain conditions are met.
 {¶ 3} Siniard was originally charged in a complaint filed at the Norwalk Municipal Court on April 11, 2000, for violating R.C.2913.51(A), receiving stolen property — a felony of the fifth degree, for actions that took place in Monroeville. Siniard testified at his January 16, 2003 speedy trial hearing that he had been arrested and placed in the Cuyahoga County Jail in April 2000, for violating conditions of his parole. The Norwalk Municipal Court, not knowing of the Cuyahoga County action, issued a warrant when Siniard failed to appear for his arraignment on April 17, 2000. Siniard testified that on July 13, 2000, while still at the Cuyahoga County Jail, he had sent notices that he was available to be tried for the Monroeville charges to the prosecuting attorney of Monroeville and to Norwalk Municipal Court. Neither notice, however, appears in the record. Siniard did supply photocopies of documents allegedly written in the Cuyahoga County Jail and these papers were presented as exhibits during the January 16, 2003 speedy trial hearing.[2]
 {¶ 4} Some time later, Siniard was transferred to the Lorain Reception Center in Lorain, Ohio. Although the record contains nothing that shows when he started his prison term, the record does reflect that he was released on August 21, 2002. That same day, he appeared at the Norwalk Municipal Court where he was arraigned on the receiving stolen property charge and then released on his own recognizance.
 {¶ 5} A few weeks later, Siniard was indicted by the Huron County Grand Jury for the fifth degree felony of receiving stolen property. After a number of continuances at his request, Siniard filed a speedy trial waiver with the court on December 9, 2002.[3]
 {¶ 6} Siniard filed a motion to dismiss on speedy trial grounds, arguing that his fifth degree felony charge was not disposed of while he was in prison for his parole violation. A hearing was held where Siniard testified he had sent the appropriate notices to the Norwalk Municipal Court and the Monroeville prosecutor. More importantly, however, he did not remember sending a notice of his availability to the Huron County Prosecutor's Office, and the record does not show any such notice.
 {¶ 7} The trial court denied Siniard's speedy trial motion and stated, "[t]he Court finds that the Defendant did not carry his burden of proof that he caused to be delivered to the prosecutor of either Huron County or Monroeville a demand to be tried on the present charges, nor that the same was served on the Norwalk Municipal Court." The case then went to trial, and Siniard was convicted of receiving stolen property. He now appeals.
 {¶ 8} Speedy trial rights of an accused are guaranteed by theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Appellate review of a trial court's decision concerning a motion to dismiss based upon a violation of speedy trial provisions is a mixed question of law and fact. Due deference must be afforded to the trial court's findings of fact if they are supported by competent, credible evidence. Whether the trial court properly applied the law to the facts of the case, however, is independently reviewed. Additionally, when an appellate court reviews the legal issues presented in a speedy trial claim, it must strictly construe the relevant statutes against the state. State v. Brown (1998),131 Ohio App.3d 387, 391.
 {¶ 9} R.C. 2941.401 is the statute in Ohio that governs what actions an individual incarcerated in a state prison must take to dispose of other charges pending from other courts in Ohio and how to invoke that person's speedy trial rights on those pending charges. The statute itself does not apply to an accused being held in a jail rather than a state prison. State v. Craft (June 29, 1998), Licking App. No. 97CA00130; Newark v. Barcus (Sept. 29, 1994), Licking App. No. 94 CA 00015. Cf. State v. Bates
(Feb. 23, 2001), Montgomery App. No. CA 18414. But see, State v.Brown (1992), 84 Ohio App.3d 414, 422-423; State v. Fowler
(Sept. 4, 1987), Tuscarawas App. No. 87AP010009.
 {¶ 10} Normally, under R.C. 2941.401, the prosecutor has a duty of reasonable diligence to attempt to locate those in a state institution and notify them of pending charges. Furthermore, a state prisoner's delay in serving notice of incarceration can not be used by a prosecuting official to avoid having pending charges dismissed by the court on speedy trial grounds. State v. Benson (Feb. 27, 1990), Montgomery App. No. 11374.
 {¶ 11} On the other hand, when an accused has knowledge of new charges, it is that person's duty to request a final disposition of those new charges. State v. Cox, Jackson App. No. 01CA10, 2002-Ohio-2382; State v. Robinson, Franklin App. No. 01AP-1005, 2002-Ohio-2090; State v. Hill (Dec. 30, 1996), Meigs App. No. 96 CA 4. Notice must be sent to both the proper court and the proper prosecuting official, stating where the person is incarcerated and requesting a final disposition of the pending charges. Receipt of the notice triggers the speedy trial timing process under R.C. 2941.401. State v. Dickerson (Aug. 31, 2001), Erie App. No. E-00-060; Xenia v. Arrasmith (Apr. 22, 1992), Greene App. No. 91-CA-15. The statute specifies the proper manner of notice. R.C. 2941.401 states: "The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested."
 {¶ 12} Unless the notice and request are served on the proper prosecutor and court, R.C. 2941.401 does not impose a duty on the prosecuting official to bring the accused to trial within the time provided. State v. Cloud (1997), 122 Ohio App.3d 626, 630. The same holds true, furthermore, if the prosecuting official is the only one who has not received notification. Speedy trial rights are waived in that situation. Mayfield Heights v.Clements (July 10, 1997), Cuyahoga App. No. 72018. Compare,State v. McDonald (June 30, 1999), Mahoning App. Nos. 97 CA 146, 97 CA 148.
 {¶ 13} Here, Siniard was being held in the Cuyahoga County Jail when he supposedly sent notice that he was available to answer to pending charges to the prosecuting official for Monroeville and the Rocky River Municipal Court. The record, however, does not reflect that either of these notices and requests was received. Even if they had been, neither the court nor prosecuting official would have had to take any action because the statute Siniard was attempting to trigger only applies to those incarcerated in state prison.
 {¶ 14} The alleged notices and requests furnished by Siniard at his speedy trial hearing, however, show that he did have knowledge of the charges pending against him arising out of the Monroeville incident, which his testimony confirms. Because of this knowledge, once he was transferred to the Lorain Reception Center from the Cuyahoga County Jail, he was to send notices and requests to the proper court and prosecutor under R.C. 2941.401. The record does not show he did.
 {¶ 15} The Huron County Prosecutor was not required to act on Siniard's receiving stolen property charge. R.C. 2941.401 clearly specifies what an accused must do to resolve other pending charges. Unfortunately, Siniard's actions in the Cuyahoga County Jail relieved the prosecutor's duty of due diligence to inform him of his pending charges, and he was not entitled to the protections that R.C. 2941.401 would have provided for him. R.C.2941.401 was written in the way it was to avoid situations like the one here. The warden of the prison is involved, so the prisoner's rights are not ignored. Sadly, had Siniard just sent written notice and requested final disposition of his charges to the warden of the Lorain Reception Center, the warden would have made sure that his notice and request went to the proper places by registered or certified mail, return receipt requested, as R.C. 2941.401 commands. By taking things in his own hands, Siniard forfeited the protections he had under the statute. His sole assignment of error, therefore, is found not well-taken.
 {¶ 16} Since substantial justice was done to appellant, Michael Siniard, the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
Judgment affirmed.
Handwork, P.J., Pietrykowski, J. and Lanzinger, J. concur.
[1] R.C. 2941.401 states,
"When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.
"The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.
"The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.
"Escape from custody by the prisoner, subsequent to his execution of the request for final disposition, voids the request.
"If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.
"This section does not apply to any person adjudged to be mentally ill or who is under sentence of life imprisonment or death, or to any prisoner under sentence of death."
[2] One of the documents was allegedly sent to the prosecutor of Monroeville, the other was allegedly sent to the Rocky River Municipal Court (with the word Norwalk handwritten at the top of the page).
[3] As a result, there is no speedy trial issue between Siniard's August 21, 2002 arraignment and his February 6-7, 2003 trial on the receiving stolen property charge.