The STATE of Ohio, Appellant,

v.

BARRETT, Appellee.

[Cite as *State v. Barrett,* 191 Ohio App.3d 245, 2010-Ohio-5139.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 94434.

Decided Oct. 21, 2010.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Oscar E. Albores and Lisa Reitz Williamson, Assistant Prosecuting Attorneys, for appellant.

Shondra C. Longino, for appellee.

___

FRANK D. CELEBREZZE JR., Judge.

{¶ 1} Appellee, Fadil Barrett, was indicted on May 18, 2007, on eight counts stemming from a July 11, 2006 incident where he allegedly assaulted and robbed Terrance Bogan at gunpoint. The case was dismissed by the trial court on speedy-trial grounds on December 23, 2009. The state of Ohio brings this appeal, arguing that appellee's Sixth Amendment rights were not violated. After a thorough review of the record and the apposite law, we affirm.

{¶ 2} On November 13, 2007, after appellee failed to appear at a pretrial before the Cuyahoga County Common Pleas Court, a capias warrant was issued. While in the Mahoning County jail in the custody of the United States Bureau of Prisons, appellee sent notice to the trial court of his availability and requested that the criminal case move forward.[1] This notice was received on February 11, 2009. Appellee included his federal prison identification number, his home federal prison institution in Kentucky, and a certificate of service indicating that the notice was also sent to the prosecutor. Appellee filed a motion to dismiss the criminal case pursuant to R.C. 2941.401 on August 13, 2009, based on the state's failure to bring him to trial within the 180–day time frame set forth therein. This motion was initially denied by the trial court on October 16, 2009. However, on December 23, 2009, the trial court dismissed the case for violating appellee's constitutional right to a speedy trial. The transcript of the hearing consists of one page where the trial court found that "the defendant did substantially comply with 2941.401."

### Law and Analysis

{¶ 3} The state appeals, arguing two errors: "[Appellee's] speedy trial rights are not violated under statutory grounds" and "[appellee's] speedy trial rights are not violated under the Interstate Agreement on Detainers Act."

___

1. Appellee was ultimately transferred to the U.S. Penitentiary in Pine Knot, Kentucky.

R.C. 2941.401

{¶ 4} The Sixth and Fourteenth Amendments to the United States Constitution, as well as Section 10, Article I of the Ohio Constitution, guarantee a criminal defendant the right to a speedy trial. *State v. O'Brien* (1987), 34 Ohio St.3d 7, 516 N.E.2d 218. In *Barker v. Wingo* (1972), 407 U.S. 514, 523, 92 S.Ct. 2182, 33 L.Ed.2d 101, the United States Supreme Court declared that with regard to fixing a time frame for speedy trials, "[t]he States * * * are free to prescribe a reasonable period consistent with constitutional standards * * *." To that end, the Ohio General Assembly enacted R.C. 2945.71 in order to comply with the *Barker* decision. See *State v. Lewis* (1990), 70 Ohio App.3d 624, 591 N.E.2d 854.

{¶ 5} When a criminal defendant is incarcerated on an unrelated matter, the speedy-trial provisions in R.C. 2945.71 are tolled pursuant to R.C. 2945.72(A). Those incarcerated with untried criminal proceedings against them are not required to let those proceedings languish. When a defendant is incarcerated in a state correctional institution, the provisions of R.C. 2941.401 take effect. *Cleveland v. Adkins,* 156 Ohio App.3d 482, 2004-Ohio-1118, 806 N.E.2d 1007, ¶ 6. According to this statute, "[w]hen a person has entered upon a term of imprisonment *in a correctional institution of this state,* and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter." (Emphasis added.)

{¶ 6} Because appellee was in prison in Kentucky in the custody of the federal government, the provisions of R.C. 2941.401 do not apply. See *State v. Centafanti,* 120 Ohio St.3d 275, 2008-Ohio-6102, 898 N.E.2d 45. In reversing a Fifth District decision applying R.C. 2941.401 to a federal prisoner, the Ohio Supreme Court stated that "[t]he trial court order and the opinion of the court of appeals in this case were premised upon the application of R.C. 2941.401. Because appellee was incarcerated in a federal prison in Ohio rather than in a 'correctional institution of this state,' see R.C. 2941.401 and 2967.01, R.C. 2941.401 does not apply."[2] Id. at ¶ 1.

---

2. R.C. 2967.01(A) defines "[s]tate correctional institution" as "any institution or facility that is operated by the department of rehabilitation and correction and that is used for the custody, care, or treatment of criminal, delinquent, or psychologically or psychiatrically disturbed offenders."

{¶ 7} This case is complicated in that appellee was in a municipal jail when the notice was sent to the trial court and the prosecutor's office. However, the Sixth District has correctly held that in order to take advantage of this statute, one must be in a "prison of this state" and specifically excluded municipal jails from the scope of the statute. *State v. Siniard,* Huron App. No. H–03–008, 2004-Ohio-1043, 2004 WL 413328, ¶ 13. See also R.C. 2967.01. This view flows from the plain language of the statute. Therefore, appellee was not eligible under the terms of the statute to invoke the 180–day provision under R.C. 2941.401. Appellee was a federal prisoner and was required to comply with Ohio's codification of the Interstate Agreement on Detainers Act ("IAD"), R.C. 2963.30.

### The Interstate Agreement on Detainers Act

{¶ 8} In the state's second assignment of error, it contends that appellee did not comply with the IAD and is therefore not entitled to its protection.

{¶ 9} This act was introduced "to encourage the expeditious and orderly disposition of * * * charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints * * * " across all member states. R.C. 2963.30, Article I.

{¶ 10} According to this act, a federal prisoner must be brought to trial within 180 days following the delivery of written notice to the appropriate trial court and prosecutor's office accompanied by "a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner." R.C. 2963.30, Article III(a). Article III(b) requires the prisoner to send written notice requesting final disposition to the "warden, commissioner of corrections or other official having custody of him." This official is then required to send written notice to the appropriate locations along with a report listing the information in Article III(a).

{¶ 11} In *State v. Quinones,* 168 Ohio App.3d 425, 2006-Ohio-4096, 860 N.E.2d 793, ¶ 17, this court reaffirmed that substantial compliance with R.C. 2963.30 is the appropriate prism through which to view prisoners' actions to determine whether they properly avail themselves of the 180–day period. " 'Substantial compliance' requires the defendant to do 'everything that could be reasonably expected.' " Id., quoting *State v. Ferguson* (1987), 41 Ohio App.3d 306, 311, 535 N.E.2d 708. Further, "[t]he applicable standard of review requires us to ' "independently determine, as a matter of law, whether the trial court erred in applying the substantive law to the facts of the case." ' " Id. at ¶ 10, quoting

*State v. Gill,* Cuyahoga App. No. 82742, 2004-Ohio-1245, 2004 WL 528449, ¶ 8, quoting *State v. Williams* (1994), 94 Ohio App.3d 538, 543, 641 N.E.2d 239.

{¶ 12} We hold that appellee did substantially comply with the IAD even though notice was not sent to the authorities charged with appellee's custody.

{¶ 13} In *State v. Pierce* (Feb. 15, 2002), Cuyahoga App. No. 79376, 2002 WL 337727, ¶ 4, this court found that notice forwarded by an inmate's attorney to the trial court and the prosecutor's office seeking to be brought to trial within 180 days was sufficient. In *State v. Levy,* Cuyahoga App. No. 83114, 2004-Ohio-4489, 2004 WL 1902534, ¶ 33, this court again found that notice mailed to the appropriate trial court and prosecutor could qualify as substantial compliance with the IAD.

{¶ 14} The record reflects that appellee's notice was received by the trial court and the prosecutor's office, and the state could have found appellee and brought him to trial.

### Conclusion

{¶ 15} Appellee provided enough information to invoke the IAD and the right to be brought to trial within 180 days. The notice contained his name, federal prison identification number, the institution where he could be found, and a request for trial on the charges pending in Cuyahoga County. This notice was actually received by the trial court and the prosecutor's office. The trial court properly granted appellee's motion to dismiss for violation of his speedy-trial rights, even though the court relied on an inapplicable statute. The decision was ultimately correct.

Judgment affirmed.

KILBANE, P.J., and COONEY, J., concur.