[Cite as *State v. McIntyre*, 2012-Ohio-1173.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

      Appellee

      v.

LEWIS LEROY MCINTYRE

      Appellant

C.A. Nos.     24934
                 24945


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 09 03 0647

DECISION AND JOURNAL ENTRY

Dated: March 21, 2012

---

BELFANCE, Presiding Judge.

{¶ 1} This matter is before us following our granting Lewis McIntyre's application to reopen his appeal. For the reasons set forth, we affirm his convictions, but remand the matter for resentencing.

I.

{¶ 2} A jury found Mr. McIntyre guilty of tampering with records, tampering with evidence, obstructing justice, and petty theft. The trial court sentenced him on all counts, but ordered the prison terms be served concurrently for an aggregate term of four years. On appeal, this Court affirmed his convictions. *See State v. McIntyre*, 9th Dist. Nos. 24934, 24945, 2010-Ohio-2569.

{¶ 3} Mr. McIntyre filed an application to reopen his appeal, alleging that he had received ineffective assistance of appellate counsel. *See* App.R. 26(B). We granted his application for the limited purpose of the two assignments of error considered below.

II.

ASSIGNMENT OF ERROR I

THE CONVICTION[S] FOR TAMPERING WITH RECORDS AND OBSTRUCTION OF JUSTICE ARE VOID BECAUSE APPELLANT WAS NEVER ARRAIGNED ON THE CHARGES IN VIOLATION OF CRIMINAL RULE 10 AND THE RIGHT TO DUE PROCESS.

{¶ 4} In his first assignment of error, Mr. McIntyre argues that he was not properly arraigned on his supplemental indictment because the trial court did not read its contents in open court. Therefore, according to Mr. McIntyre, his convictions for tampering with records and obstruction of justice are void.

{¶ 5} If a defendant "is represented by counsel, pleads not guilty and proceeds to trial without objection," he is deemed to have forfeited his objection for appeal. *Hamilton v. Brown*, 1 Ohio App.3d 165, 168 (12th Dist.1981). Prior to trial, the parties and the trial court had a somewhat confusing exchange during which the Defendant himself seemed to be objecting to the trial court's authority to proceed given the alleged deficiencies concerning the supplemental indictment. Assuming that Mr. McIntyre did preserve his assigned error for appeal, we conclude that any error was harmless.

{¶ 6} Crim.R. 10(A) provides:

Arraignment shall be conducted in open court, and shall consist of reading the indictment, information or complaint to the defendant, or stating to the defendant the substance of the charge, and calling on the defendant to plead thereto. The defendant may in open court waive the reading of the indictment, information, or complaint. The defendant shall be given a copy of the indictment, information, or complaint, or shall acknowledge receipt thereof, before being called upon to plead.

{¶ 7} Mr. McIntyre, while represented by counsel, had filed a pro se challenge to his original indictment on the basis that he had been arrested for tampering with records and, therefore, could not be charged with tampering with evidence. Essentially, Mr. McIntyre argued

that he should have been charged with tampering with records, as opposed to tampering with evidence. Prior to Mr. McIntyre's trial, the State filed a supplemental indictment, charging him with two additional counts: tampering with records and obstruction of justice.

{¶ 8} On the first day of trial, a dispute arose as to whether Mr. McIntyre had been served with the supplemental indictment. The State asked the trial court to arraign Mr. McIntyre on the supplemental indictment and also moved to amend Count Three of the original indictment to correct a clerical error in the code section Mr. McIntyre was charged with violating. Following the State's motion, the following exchange occurred:

> [Mr. McIntyre's Counsel]: We would object to the indictment itself at this juncture. That changes the entire body of the indictment. I believe it's time—
>
> The Court: You object to the supplemental indictment?
>
> [Mr. McIntyre's Counsel]: I do. I do.
>
> The Court: All right. But what are—whether you object or not, you need to arraign him on it.

{¶ 9} The trial court then asked if Mr. McIntyre had received a copy of the supplemental indictment. Mr. McIntyre denied that he had ever seen it. He then stated, "I have not received anything else with regards to the supplemental indictment, and I will not acquiesce to the jurisdiction of this court and any supplemental indictment out of respect to the court." The trial court, referring to whether Mr. McIntyre had received a copy of the supplemental indictment, stated that it was "not going to swear the jury in until we resolve that issue[.]"

{¶ 10} The trial court revisited the matter the next day, after jurors had been selected but before they had been sworn in. At that time, Mr. McIntyre's counsel informed the trial court that Mr. McIntyre had received the indictment the day before and that Mr. McIntyre "waive[d] time and manner of service to the two supplemental counts in the existing indictment, Count Four

being Tampering with Records, Count Five being Obstruction of Justice, Felonies of the [thi]rd and [fif]th degrees respectively." However, Mr. McIntyre refused to enter a plea, and the trial court entered a plea of not guilty pursuant to Crim.R. 11(A).

{¶ 11} Mr. McIntyre does not dispute that he received a copy of the supplemental indictment. Nor does he dispute that he and his counsel had knowledge of the substance of the additional charges against him. Instead, he argues, without supporting legal authority, that because the trial court did not actually read the text of the indictment aloud to him as required by Crim.R. 10(A), his convictions were void. It is true that the trial court neither read the indictment nor stated the substance of the charge to Mr. McIntyre. However, we conclude that the court's failure, while constituting error, was harmless. Crim.R. 52(A) ("Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.")

{¶ 12} Throughout the proceedings, Mr. McIntyre was represented by counsel. On the first day of trial, Mr. McIntyre claimed that he had never received the supplemental indictment. His counsel, however, never claimed to have not seen the indictment and, in fact, was surprised that Mr. McIntyre denied having received the supplemental indictment. The trial court then asked the prosecutor what the charges were against Mr. McIntyre. The prosecutor informed the court, in Mr. McIntyre's presence, that "Count 1 is Tampering with Evidence * * *. Count 2 is Petty Theft. Count 3 is Obstructing Justice. * * * Count 4 is Tampering with Records. And Count 5 is Obstructing Justice, and that is a Felony of the [fif]th degree."

{¶ 13} Crim.R. 10(A) does require either that the indictment be read aloud or that the court state the substance of the charge. The record indicates that, after Mr. McIntyre claimed that he had not been served with the supplemental indictment, a deputy went to the jail and proceeded to personally deliver the supplemental indictment to Mr. McIntyre; however, Mr.

McIntyre refused to sign for the document. The record also indicates that Mr. McIntyre and his counsel were aware of the charges contained in the supplemental indictment. He has not explained how he was prejudiced by the supplemental indictment not being read aloud. Given the record in this matter, Mr. McIntyre's substantial rights were not violated. *See, e.g., State v. Monnette*, 3rd Dist. No. 9-08-33, 2009-Ohio-1653, ¶ 11; *see also State v. Adkison*, 9th Dist. No. 9869, 1981 WL 3931, *1-*2 (Apr. 8, 1981), citing *Garland v. Washington*, 232 U.S. 642 (1914).

{¶ 14} Under the circumstances of this case, we conclude that any error by the trial court in not reading the supplemental indictment aloud was harmless error. *See* Crim.R. 52(A).

{¶ 15} Mr. McIntyre's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT SENTENCED APPELLANT ON THE ALLIED OFFENSES OF TAMPERING WITH RECORDS AND TAMPERING WITH EVIDENCE.

{¶ 16} Mr. McIntyre argues that the trial court erred by sentencing him for allied offenses of similar import. Specifically, Mr. McIntyre argues that his convictions for tampering with evidence and tampering with records should have been merged for the purposes of sentencing.

{¶ 17} After the parties submitted their briefs, the Supreme Court of Ohio decided *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314. In *Johnson*, the Supreme Court held that, "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.* at syllabus. Because *Johnson* was decided after Mr. McIntyre was sentenced, the trial court did not consider it. In light of our precedent, it is therefore appropriate to remand this case so that the trial court can apply *Johnson* in the first instance. *See, e.g., State v. Creel*, 9th Dist. No. 25476, 2011–Ohio–5893, ¶ 4.

## III.

**{¶ 18}** Mr. McIntyre's first assignment of error is overruled. With respect to his second assignment of error, his sentence is reversed, and the cause is remanded for further proceedings consistent with this opinion.

> Judgment affirmed in part,
> reversed in part,
> and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

EVE V. BELFANCE
FOR THE COURT

CARR, J.
DICKINSON, J.
CONCUR.

APPEARANCES:

DEREK CEK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.