[Cite as *State v. Boone*, 2012-Ohio-3142.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26104 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIE L. BOONE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 10 09 2627 |

DECISION AND JOURNAL ENTRY

Dated: July 11, 2012

BELFANCE, Judge.

{¶1} Willie Boone appeals his convictions for robbery, resisting arrest, and escape. For the reasons set forth below, we affirm.

I.

{¶2} A man wearing a wig entered a bank and demanded money from a clerk. An off-duty Akron police officer who was working security at the bank approached the man from behind and ordered him to the ground. The robber lay down on the floor but, before the officer could handcuff him, he attempted to run away. The officer grabbed the robber and a scuffle ensued. The robber managed to escape, jumping into the passenger seat of a SUV waiting outside the bank, but he left his wig behind.

{¶3} The police investigation led them to Mr. Boone, who could not be ruled out as a contributor to genetic materials discovered in the wig. Mr. Boone was indicted on two counts of robbery and one count of resisting arrest. Via supplemental indictment, Mr. Boone was also

indicted for an additional count of robbery and for escape. The State dismissed the first robbery count, and the remaining counts were renumbered.

{¶4} The jury acquitted Mr. Boone of one of the robbery charges but found him guilty of the remaining charges. The trial court sentenced Mr. Boone to an aggregate term of eight years, and he has appealed.

## II.

## ARRAIGNMENT PROCEDURE

{¶5} Though it is clear that Mr. Boone believes his arraignment was improper, his argument is unclear. He appears to suggest that, when he first appeared before the magistrate, he was not properly arraigned because the indictment was not read aloud to him and he did not enter a plea. Mr. Boone also argues that his Sixth Amendment right to counsel was violated because counsel was not appointed prior to his initial appearance in court. He argues that, had counsel been appointed prior to his arraignment, he would have been able to preserve the defectiveness of the arraignment for appeal.

{¶6} Crim.R. 10(A) provides:

> Arraignment shall be conducted in open court, and shall consist of reading the indictment, information or complaint to the defendant, or stating to the defendant the substance of the charge, and calling on the defendant to plead thereto. The defendant may in open court waive the reading of the indictment, information, or complaint. The defendant shall be given a copy of the indictment, information, or complaint, or shall acknowledge receipt thereof, before being called upon to plead.

{¶7} While it appears from the transcript that the magistrate did not read the indictment aloud to Mr. Boone, the magistrate entered a not guilty plea for him and informed him that he could change that plea at the first pretrial hearing, by which time an attorney would have been appointed to represent him. However, there is no transcript, or an appropriate substitute, of that

pretrial hearing, and, in light of an incomplete record, we must presume regularity in the proceedings below. *State v. Morris*, 9th Dist. No. 25519, 2011-Ohio-6594, ¶ 5.

{¶8} Nevertheless, based on the record on appeal, it appears that Mr. Boone forfeited his arguments. Mr. Boone acknowledges that he appeared at the first pretrial with counsel and that he did not object to the arraignment proceedings. A defendant who is represented by counsel, pleads not guilty, and proceeds to trial without objection forfeits objections to errors in his arraignment on appeal. *State v. McIntyre*, 9th Dist. Nos. 24934, 24945, 2012-Ohio-1173, ¶ 5. After about a month of being represented by counsel, Mr. Boone proceeded pro se throughout the rest of the pretrial period before being represented by counsel during his trial. At no point did Mr. Boone raise the arguments he now makes on appeal. Furthermore, when Mr. Boone objected to his arraignment proceedings on a different basis, the trial court remarked that it believed Mr. Boone's attorney had waived service and the reading of the indictment at the first pretrial hearing. Therefore, while we must presume regularity given the limited record on appeal, *see Morris* at ¶ 5, the record available to us indicates that Mr. Boone forfeited the arguments he now makes through his actions and the actions of his counsel subsequent to Mr. Boone's initial appearance before the magistrate.

{¶9} Mr. Boone does argue that he preserved these arguments for review, pointing to his motion to dismiss the indictment as well as his statements to the trial court prior to his trial. However, the arguments Mr. Boone now makes on appeal are different from the ones he made to the trial court, where he argued that, before he could be indicted by the grand jury, he had to be arraigned in a municipal court. He also argued that the prosecution should have served him with the indictment when he was being held in Lorain County Jail instead of waiting until he was

transferred to Summit County. However, on appeal he now argues that he was not properly arraigned when he first appeared before the magistrate.

{¶10} Mr. Boone appeared with counsel before the trial court and a not guilty plea to the charges was entered into the record. At no point in the proceedings did Mr. Boone raise an objection to his arraignment on the basis that the indictment had not been read aloud. Given the record before us, it appears that Mr. Boone waived the reading of the indictment aloud, *see Hamilton v. Brown*, 1 Ohio App.3d 165, 168 (12th Dist.1981), and, regardless, appears to have forfeited the argument he now makes by not raising it below. Furthermore, the record is incomplete, and we are compelled to presume regularity. *Morris*, 2011-Ohio-6594, at ¶ 5. Accordingly, we must conclude that Mr. Boone has failed to demonstrate any reversible error with respect to his arraignment.

## ESCAPE

{¶11} Mr. Boone argues that his conviction for escape, which required a finding that he had been arrested for committing a felony of the first or second degree, was inconsistent with the jury acquitting him of second-degree robbery. However, consistency between verdicts is not required, and a conviction may not be disturbed solely because it is inconsistent with another verdict. *State v. Zander*, 9th Dist. No. 24706, 2010-Ohio-631, ¶ 57. *See also United States v. Powell*, 469 U.S. 57, 65 (1984); *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, ¶ 81. Mr. Boone's argument is without merit.

## DNA EVIDENCE

{¶12} Mr. Boone argues that the trial court should not have allowed the State's expert to testify about her findings regarding the DNA found on the robber's wig because he had not been provided funds to have the samples independently analyzed. He also suggests that the

expert's testimony was unduly prejudicial because it was based on a "proven questionable scientific method * * *."

{¶13} However, Mr. Boone does not actually point to any evidence in the record that would support the conclusion that the State's expert used a questionable method to analyze the DNA samples. *See* App.R. 16(A)(7). Instead, he makes vague assertions without any citations to any authority. For example, he asserts that "[i]t is commonly known that it is misleading to talk of DNA profiling as 'genetic fingerprinting[.]'" He also claims that "[t]he use of match probabilities has been criticized on the basis that jurors, as ordinary members of the community, generally do not understand probabilities * * *." In the absence of any evidence in the record that would call the validity of the State's expert's testimony into doubt, Mr. Boone's challenge to the method used by the State's expert would be more properly raised in a postconviction proceeding where new evidence could be admitted than on appeal.

{¶14} Regarding Mr. Boone's contention that he should have been given funds to conduct an independent analysis of the DNA evidence, an indigent criminal defendant must

> be provided funds to obtain expert assistance at state expense only where the trial court finds, in the exercise of a sound discretion, that the defendant has made a particularized showing (1) of a reasonable probability that the requested expert would aid in his [or her] defense, and (2) that denial of the requested expert assistance would result in an unfair trial.

*State v. Mason*, 82 Ohio St.3d 144 (1998), syllabus. However, Mr. Boone merely requested an independent DNA expert to test the physical evidence recovered at the crime scene. He did not make any argument that there was a reasonable probability that the expert would aid his defense or that denial of the request would result in an unfair trial. While Mr. Boone was proceeding pro se at the time he made his request and his request should be liberally construed, "[a] pro se litigant is not given greater rights than represented parties, and must bear the consequences of his

mistakes." (Internal quotations and citations omitted.) *Akron v. Harris*, 9th Dist. No. 25993, 2012-Ohio-1713, ¶ 8. Accordingly, based on the arguments made to the trial court, we cannot say the trial court abused its discretion when it did not provide Mr. Boone with funds for a DNA expert. *See Mason* at syllabus (providing funds for expert assistance at state expense is within the court's discretion).

SPEEDY TRIAL

{¶15} Mr. Boone argues that the State failed to comply with R.C. 2941.401 and, therefore, violated his rights to a speedy trial. Specifically, he argues that the trial court should not have granted the State's May 2, 2011 request for a continuance because its reasons did not qualify as good cause under the statute.

{¶16} R.C. 2941.401 provides, in pertinent part:

> When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.

{¶17} Initially, we note that Mr. Boone admitted that he never sent the written notice required, and, thus, he never invoked the statute. *See State v. Siniard*, 6th Dist. No. H-03-008, 2004-Ohio-1043, ¶ 12. Furthermore, based on remarks made by Mr. Boone and the prosecutor to the trial court, Mr. Boone was being held in Lorain County Jail awaiting disposition of charges

against him, not serving "a term of imprisonment." R.C. 2941.401. *See State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 25 ("In its plainest language, R.C. 2941.401 grants an incarcerated defendant a chance to have all pending charges resolved in a timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term."). Additionally, it is unclear that R.C. 2941.401 even applies to county jails. *See Siniard* at ¶ 9 ("The statute itself does not apply to an accused being held in jail rather than a state prison."). *But see State v. Brown*, 84 Ohio App.3d 414, 422-423 (8th Dist.1992). Thus, it is unclear that R.C. 2941.401 would have applied in Mr. Boone's case; however, even assuming that it did, Mr. Boone never sent the notice required by the statute and, therefore, failed to invoke it. Accordingly, he has not demonstrated any error in the trial court's granting of the State's continuance.

### III.

**{¶18}** Mr. Boone has not demonstrated that the trial court committed any reversible error. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR.


APPEARANCES:

THOMAS W. WATKINS, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.