[Cite as *State v. Cruea*, 2012-Ohio-5209.]

IN THE COURT OF APPEALS FOR MIAMI COUNTY, OHIO

STATE OF OHIO                              :

    Plaintiff-Appellee                  :            C.A. CASE NO.   2012 CA 2

v.                                         :            T.C. NO.   11CR303

MICHAEL CRUEA                              :            (Criminal appeal from
                                  Common Pleas Court)

    Defendant-Appellant                 :

                                      :

                  · · · · · · · · · ·

**O P I N I O N**

Rendered on the   9th   day of    November   , 2012.

· · · · · · · · · ·

ROBERT E. LONG III, Atty. Reg. No. 0066796, Assistant Prosecuting Attorney, 201 W. Main Street, Safety Building, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

J. ALLEN WILMES, Atty. Reg. No. 0012093, 4428 N. Dixie Drive, Dayton, Ohio 45414
        Attorney for Defendant-Appellant

· · · · · · · · · ·

DONOVAN, J.

{¶ 1}    Defendant-appellant Michael S. Cruea appeals his conviction and sentence

for one count of rape, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, and

two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), both felonies of the third degree. Cruea filed a timely notice of appeal with this Court on March 30, 2012.

{¶ 2} On October 20, 2011, Cruea was indicted in Case No. 2011CR303 for one count of gross sexual imposition (G.S.I.). At his arraignment on October 24, 2011, Cruea pled not guilty to the charge of G.S.I. The record establishes that during the arraignment, defense counsel acknowledged receipt of the indictment and waived any defects in service. Defense counsel, however, did not waive the reading of the indictment.

{¶ 3} Shortly thereafter on December 23, 2011, Cruea was indicted in Case No. 2011CR412 for one count of rape and one count of G.S.I. At his arraignment on January 3, 2012, Cruea pled not guilty to the charges against him. At the second arraignment, defense counsel waived the reading of the indictment on defendant's behalf.

{¶ 4} On February 22, 2012, Cruea pled no contest to one count of rape and two counts of G.S.I. in Case Nos. 2011CR303 and 2011CR412. The trial court accepted Cruea's no contest pleas and found him guilty on all counts. At the sentencing hearing on March 1, 2012, the trial court sentenced Cruea to eight years in prison for the rape count and two years for the G.S.I. count in Case No. 2011CR412. With respect to the remaining G.S.I. count in Case No. 2011CR303, the trial court sentenced Cruea to two years in prison. The trial court ordered all of the sentences to run concurrently for an aggregate sentence of eight years.

{¶ 5} It is from this judgment that Cruea now appeals.

{¶ 6} Cruea's sole assignment of error is as follows:

{¶ 7} "APPELLANT'S PLEA OF NO CONTEST WAS NOT KNOWINGLY

AND FREELY ENTERED DUE TO A SERIES OF FAILINGS BY THE TRIAL COURT TO PROPERLY ADVISE HIM."

{¶ 8} In his sole assignment, Cruea contends that his no contest pleas were not made in a knowing, intelligent, and voluntary fashion in light of the following three events: 1) the trial court did not read the indictment in Case No. 2011CR303 aloud to Cruea at his arraignment on October 24, 2011, for one count of G.S.I. and Cruea did not waive the reading of the indictment; 2) during the colloquy at Cruea's plea hearing, the trial court twice referred to his "no contest" plea as a "guilty" plea; and 3) the trial court failed to properly advise Cruea with respect to how his no contest plea would affect his sexual offender reporting requirements. Cruea asserts that the cumulative effect of these errors resulted in a plea that was less than knowing, voluntary, and intelligent.

{¶ 9}    **1) Failure to Read the Indictment**

{¶ 10} On October 24, 2011, Cruea was arraigned on the indictment in Case No. 2011CR303 before the trial court. Defense counsel for Cruea noted on the record that he had received a copy of the indictment, he waived any defects in service, and he pled not guilty. We note, however, that defense counsel did not waive the reading of the indictment. Cruea did not object to the trial court's failure to read the indictment.

{¶ 11} Crim. R. 10(A) provides:

> Arraignment shall be conducted in open court, and shall consist of reading the indictment, information or complaint to the defendant, or stating to the defendant the substance of the charge, and calling on the

defendant to plead thereto. The defendant may in open court waive the reading of the indictment, information or complaint. The defendant shall be given a copy of the indictment \*\*\* and shall acknowledge receipt thereof, before being called upon to plead.

{¶ 12} A challenge regarding improper arraignment is waived if the defendant fails to object to the defect prior to appeal. *State v. Boone*, 9th Dist. Summit No. 26104, 2012-Ohio-3142; see *Garland v. Washington*, 232 U.S. 642, 646, 32 S.Ct. 456, 58 L.Ed.2d 772 (1914) ("A waiver ought to be conclusively implied where the parties had proceeded as if defendant had been duly arraigned and a formal plea of not guilty had been interposed, and where there was no objection made on account of its absence until, as in this case, the record was brought to this court for review."); *King v. United States*, 25 F.2d 242, 243-44 (6th Cir.1928) ("[E]ven though the defendant had not been formally arraigned, or had not pleaded to the indictment, his proceeding to trial without raising this objection would imply a waiver, or at least the formal defect would not be prejudicial.")

{¶ 13} Cruea does not dispute that the record establishes that he appeared at the October 24, 2011, arraignment with counsel and the he did not object at any point during these initial proceedings. A defendant who is represented by counsel, pleads not guilty, and proceeds to trial without objection forfeits objections to errors in his arraignment on appeal. *State v. Boone*, 2012-Ohio-3142. At no point in the proceedings did Cruea raise an objection to his arraignment on the basis that the indictment had not been read aloud. Upon review, Cruea has waived the argument he now makes by failing to raise it before the trial

court. Accordingly, we conclude that Cruea has failed to demonstrate any reversible error regarding his arraignment.

**{¶ 14}  2) Trial Court Misstating "Guilty" for "No Contest" during Plea Hearing**

{¶ 15}  In this portion of his first assignment, Cruea argues that his no contest plea was less than knowing and voluntary because the trial court mistakenly referred to his no contest plea as a "guilty" plea during the plea colloquy.  We note that the record establishes that the trial court did, in fact, ask Cruea on two occasions if he understood that he was pleading "guilty" rather than "no contest" to the accompanying sex offender classification.

{¶ 16}  We further note that during the hearing, Cruea acknowledged that he read and signed a form entitled "Plea of No Contest."  The form stated "I withdraw my former not guilty plea and enter a plea of no contest."  Cruea signed the form immediately prior to the beginning of the plea hearing.

{¶ 17}  Significantly, the record establishes that although the trial court *did* incorrectly refer to Cruea's "no contest" plea as a "guilty" plea on two occasions, the trial court correctly referred to his plea as "no contest" the majority of the time during the hearing.  The trial court made the following statements to Cruea regarding his no contest plea at the hearing:

> The Court: You heard the discussion earlier in this hearing about
>
> the plea agreement.  Did you hear that discussion?
>
> Cruea: Yes sir.
>
> Q: And is that your understanding of the plea agreement?

A: Yes sir.

Q: And other than what's in the plea agreement, has anyone promised you anything in order to get you to enter a No Contest plea today?

A: No sir.

Q: Has anyone threatened you in any way in order to get you to enter a No Contest plea?

A: No sir. (Tr. 6)

***

Q: Do you understand that by pleading no contest to these charges in the indictment, including the amended charge, you're not admitting you're guilty, but you are admitting the truth of the facts that are contained in the indictment. Do you understand that?

A: Yes sir.

Q: Do you understand that a no contest plea cannot be used against you in any future civil or criminal proceeding, do you understand that?

A: Yes sir.

Q: And do you also understand that if the allegations that are contained in the indictment, including the amendment are sufficient to state the felony offenses that you're charged with then the Court must find you guilty on your no contest plea? Do you understand that?

A: Yes sir.

Q: Do you also understand that you are pleading *guilty* to a sexually oriented, child victim oriented offense?   Do you understand that?

A: And you understand that because of the offense to which you are pleading *guilty* will determine whether you'll be classified as a one – Tier I, Tier II, or Tier III sex offender, do you understand that?

A: Yes sir.

***

Q: Your attorney has given me this plea form, Plea of No Contest. Did you sign it on the front and the back?

A: From what I can see from here, yes sir.

***

Q: Okay, and did you read it over and go over it with your attorney –

A: Yes I did.

Q: - before you signed it?

A: Yes.

Q: Do you have any questions about what's on that form?

A: No.

***

Q: And at this time *do you wish to enter a plea of No Contest to Count One, the amended charge of rape, a felony of the first degree, do you wish to enter a No Contest plea to that charge?*

A: Yes sir.

Q: *And do you also wish to enter a No Contest plea to Count Two of 11CR412, gross sexual imposition?   Do you wish to enter a No Contest plea to that charge?*

A: *Yes sir.*

Q: *And in Case 11CR303, do you wish to enter a No Contest plea to the charge of gross sexual imposition, a felony of the third degree?*

A: *Yes sir.*

Q: *And are you entering a No Contest plea to each of these charges voluntarily and of your own free will*?

A: *Yes sir.*

Q: *The record should reflect, and the Court finds the Defendant is making a knowing, intelligent, and voluntary decision to tender a plea of No Contest to each of the charges, including the amended indictment.*   The Court finds that the Defendant has been informed of all of his constitutional rights, that he understands that nature of the charges*, the effects of a No Contest plea*, as well as the possible penalties which could be imposed.   The Court has reviewed the indictments and also the amended indictment, and finds there is a sufficient factual basis for the plea.   *Does either the State or counsel for the Defendant have any objection to any aspect of the plea hearing?*

The State: No Your Honor.

Defense Counsel: *No Your Honor*. (Tr. 15-19).

{¶ 18}   At this point, the trial court went on to make a finding of guilty regarding Cruea's no contest plea.

{¶ 19}   Accordingly, the record establishes that other than the two isolated instances where the trial court incorrectly referred to Cruea's plea as a "guilty" plea, the court correctly advised Cruea regarding the nature of the no contest plea he was entering.   The trial court explained the effect of a no contest to plea to Cruea, and ensured that he was entering the no contest plea in a knowing, voluntary, and intelligent fashion.   Neither Cruea nor his counsel expressed any confusion regarding the nature of the no contest plea.   In fact, the record supports the conclusion that Cruea completely understood the nature and effect of the plea into which he was entering.   Moreover, neither Cruea nor his attorney objected to trial court's mistaken references to the plea as "guilty" plea.   Upon review, we find that the trial court's isolated, incorrect references to Cruea's no contest plea as a "guilty" plea were harmless, and therefore cannot form the basis upon which to vacate his no contest plea.

{¶ 20}   **3) Sex Offender Reporting Requirements**

{¶ 21}   In his final argument, Cruea asserts that his plea should be vacated because the trial court failed to properly advise him with respect to how his no contest plea would affect his sexual offender reporting requirements.   Specifically, Cruea argues that the trial court failed to advise him of his specific reporting responsibilities once he was designated as a sexual offender.

{¶ 22}   Initially, we note that the trial court incorrectly designated Cruea as a Tier II sexual offender under the Adam Walsh Act, despite the fact that Cruea's rape offense in Cae No. 2011CR412 occurred between 1987 and 1994, before the A.W.A. took effect.   The fact

that the State allowed Cruea to choose what statute he wanted to be sentenced under did not affect the law under which he was to be designated as a sexually oriented offender.   In *State v. Williams*, The Ohio Supreme Court held that the A.W.A. is unconstitutional as applied to any sex offender who committed the underlying sex offense before the A.W.A.'s 2008 enactment. 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, at ¶ 22.   The Court concluded that applying the A.W.A. to such offenders violates the retroactivity clause of the Ohio Constitution. *Id.*   Simply put, Cruea should have been classified under Megan's Law which may be applied retroactively and would apply to Cruea's sex offenses given the dates of their commission.   Accordingly, the trial court committed plain error when it designated Cruea as a Tier II sex offender under the A.W.A.

**{¶ 23}**  We further note that under Megan's Law, whether or not a defendant convicted of a sexually oriented offense has a community reporting responsibility depends upon the classification he or she receives after a sex offender classification hearing has been held.   Thus, when the trial court in the instant case informed Cruea "that based upon your classification status, the Sheriff may have to – may be required to notify victims, neighbors, schools, churches and other institutions of your name, address and the offense" the trial court was not misinforming Cruea regarding his future responsibilities.   Under Megan's Law, were Cruea to be classified as a  sexual predator, he would have community reporting responsibilities.   If Cruea were to be classified as a habitual sexual offender, it would be at the trial court's discretion whether to make him subject to community reporting responsibilities.   Conversely, if the trial court classified Cruea as sexually oriented offender, he would not have any community reporting duties.   Accordingly, the trial court did not err

when it advised Cruea of the "possible consequences" his no contest would have on his sexual offender designation, and his plea will not be vacated.

{¶ 24}  Accordingly, the trial court committed plain error when it designated Cruea as a Tier II sex offender under the A.W.A.  Pursuant to Megan's Law, the trial court should have held a sex offender classification hearing in order to determine whether Cruea should be designated as a 1) sexually oriented offender; 2) habitual sex offender; or a 3) sexual predator. R.C. 2950.09. (H.B. 180, January 1, 1997).  Once that determination is made after a classification hearing, the trial court can inform Cruea of his reporting responsibilities based on his designation.

{¶ 25}  Cruea's sole assignment of error is sustained in part and overruled in part.

{¶ 26}  Accordingly, Cruea's classification as a Tier II sexual offender is reversed, and this matter is remanded for a sex offender classification hearing in order to determine whether he should be designated as a 1) sexually oriented offender; 2) habitual sex offender; or a 3) sexual predator under Megan's Law. R.C. 2950.09.  In all other respects, the judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Robert E. Long, III
J. Allen Wilmes
Hon. Christopher Gee