[Cite as *State v. Palmer*, 2014-Ohio-5266.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                      :          C.A. CASE NO.    26279

v.                                               :          T.C. NO.    95 CR 1184

DAVID D. PALMER                                  :          (Criminal appeal from
                                         Common Pleas Court)

    Defendant-Appellant                     :

                                                                 :

               . . . . . . . . . .

**O P I N I O N**

Rendered on the     26th     day of     November    , 2014.

. . . . . . . . . .

TIFFANY C. ALLEN, Atty. Reg. No. 0089369, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

DAVID D. PALMER, Inmate #329-601, Richland Correctional Institution, P. O. Box 8107, Mansfield, Ohio 44901
        Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1}   David D. Palmer appeals from a judgment of the Montgomery County Court of Common Pleas, which denied his "Motion to Withdraw No Contest Plea and Vacate Sentence Pursuant to Crim.R. 32.1, Crim.R. 5(A), Crim. R. 10(A), O.R.C. 2929.14(B)(E)(4) & O.R.C. 2929.19(B)," which it construed as a petition for post-conviction relief.   For the following reasons, the trial court's judgment will be affirmed.

{¶ 2}   On April 19, 1995, Palmer was indicted on seven counts of sexual abuse regarding a child under the age of 13.   Palmer requested a bill of particulars and filed a motion to dismiss the indictment based upon the inexactitude in the dates for the offenses. On June 16, 1995, a second 17-count indictment was filed against Palmer, raising sexual abuse claims regarding the same child as in the April indictment, as well as charges regarding a second child under the age of 13.   The June indictment contained more specific time frames for the alleged offenses against both children.   The April 1995 indictment was dismissed shortly thereafter, and the case proceeded under the June 1995 indictment.

{¶ 3}   On April 29, 1996, the scheduled trial date, Palmer pled no contest to two counts of rape of a child under the age of 13, in violation of R.C. 2907.02(A)(1)(B), an unclassified felony (counts 3 and 5), as modified at the plea hearing.   In exchange for the plea, the remaining 15 counts were dismissed.   The trial court sentenced Palmer to 7 to 25 years in prison on each count, to be served consecutively.   In 2000, Palmer was designated a sexual predator.   We affirmed his conviction and sexual predator designation.   *State v. Palmer*, 2d Dist. Montgomery No. 16017, 1997 WL 452010 (July 25, 1997) (conviction); *State v. Palmer*, 2d Dist. Montgomery No. 18259, 2001 WL 256303 (Mar. 16, 2001) (sexual predator determination).

**{¶ 4}** Palmer has filed several motions since his direct appeal, including petitions for post-conviction relief filed on January 11, 2001 (Civ.R. 60(B) motion), November 4, 2004, and December 20, 2005, and motions under Crim.R. 32.1 on November 29, 2006, and March 3, 2010, the second of which he subsequently withdrew.

**{¶ 5}** On February 25, 2014, Palmer filed another motion to withdraw his no contest plea and to vacate sentence, asserting two arguments. First, he claimed that he did not have a proper arraignment and that there were procedural errors when he entered no contest pleas in April 1996, which created a manifest injustice. Specifically, Palmer argued that he was not present when the facts underlying the plea were stated by the prosecutor. (Palmer refers to the hearing at which he entered his plea as an arraignment.) Second, he asserted that the trial court should have sentenced him to the minimum prison term allowed under R.C. 2929.14 and that the court did not properly impose consecutive sentences.

**{¶ 6}** The trial court construed Palmer's motion as a petition for post-conviction relief and overruled it. The court first found that Palmer's petition was untimely and that the untimeliness was not excused. The trial court further stated that the record did not reflect any error with respect to Palmer's plea. The court stated that it had reviewed the transcript of the plea hearing, that there was full compliance with Crim.R.11, and that the record did not reflect that Palmer was not present during the recitation of the facts. The trial court found that "consecutive sentences were imposed pursuant to the laws applicable at the time."

**{¶ 7}** Palmer appeals from the trial court's judgment. His sole assignment of error states:

The trial court erred in accepting a plea of no contest and making a finding of guilt when no recitation of any factual basis for the finding of guilt was given by the prosecutor in the presence of the Defendant. In violation of U.S.C.A. 14 [sic] .

{¶ 8} In his appellate brief, Palmer claims that the trial court erred in construing his motion as a petition for post-conviction relief, and that there were procedural errors when he entered his no contest pleas in April 1996, which created a manifest injustice. Palmer's reply brief further asserts that he was not provided an arraignment on either indictment, as required by R.C. 2937.02, and the trial court failed to follow local court rules regarding pretrial conferences. On appeal, Palmer does not challenge the trial court's ruling with respect to the imposition of his sentence.

{¶ 9} Crim.R. 32.1 provides, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 10} In contrast, petitions for post-conviction relief are governed by R.C. 2953.21 through R.C. 2953.23. Under these statutes, any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights (federal or Ohio) may petition the trial court to vacate or set aside the judgment and sentence. R.C. 2953.21(A). A post-conviction proceeding is not an appeal of a criminal conviction; it is a collateral civil attack on the judgment. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48, citing *State v. Steffen*, 70 Ohio St.3d

399, 410, 639 N.E.2d 67 (1994); R.C. 2953.21(J). For this reason, a defendant's petition for post-conviction relief is not a constitutional right; the only rights afforded to a defendant in post-conviction proceedings are those specifically granted by the legislature. *Steffen*, 70 Ohio St.3d at 410; *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999).

{¶ 11} In *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, the Supreme Court of Ohio made clear that post-conviction motions to withdraw a plea and petitions for post-conviction relief were distinct remedies.

> [W]e hold that R.C. 2953.21 and 2953.23 do not govern a Crim.R. 32.1 postsentence motion to withdraw a guilty plea. Postsentence motions to withdraw guilty or no contest pleas and postconviction relief petitions exist independently. A criminal defendant can seek under Crim.R. 32.1 to withdraw a plea after the imposition of sentence. R.C. 2953.21 and 2953.23 do not govern the timeliness of such a motion. And Crim.R. 32.1 itself does not prescribe a time limitation. This is not to say that timeliness is not a consideration, however, as an "undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."

*Bush* at ¶ 14, quoting *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph three of the syllabus.

{¶ 12} "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*,

117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. For example, a motion to correct or vacate a sentence may be properly treated as petition for post-conviction relief. *Id.*, citing *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997). However, a Crim.R. 32.1 motion to withdraw a guilty plea cannot be recast by a trial court. *Id.* at ¶ 13.

{¶ 13} Palmer's motion sought to withdraw his plea and to vacate his sentence. On its face, the portion of Palmer's motion related to his sentence was not brought under Crim.R. 32.1, and the trial court did not err in construing that portion of his argument as a petition for post-conviction relief. The portion of the motion related to his arraignment and plea was nominally brought under Crim.R. 32.1 and alleged that a manifest injustice occurred. Accordingly, the trial court should have addressed those arguments under Crim.R. 32.1.

{¶ 14} Turning to the merits of Palmer's claims, Palmer asserts that the trial court erred in accepting his no contest plea prior to hearing the factual basis for the plea, and that he was not present in the courtroom when the factual basis for the plea was provided to the court. These assertions are not supported by the record.

{¶ 15} The record of April 29, 1996, plea hearing reflects that, during the hearing, the court asked the prosecutor to "give the Court a statement of the facts based upon – as a result of the no contest plea." The prosecutor described count 3, indicating that Palmer had made two girls perform fellatio on him and that he had licked and penetrated their vaginas at a residence in Montgomery County in the fall of 1991. Count 5 involved the same two girls and occurred at a different Montgomery County address in December 1992; Palmer forced the girls to perform fellatio. After hearing these facts, the trial court found Palmer to be

guilty of counts 3 and 5, as amended at the hearing. The record reflects that Palmer was present with his attorneys when the prosecutor stated the factual bases for the two charges and when the court made its finding of guilt. There were no objections. Accordingly, the trial court did not err in concluding that the record did not reflect the error that Palmer alleged, and we conclude that Palmer has not demonstrated that he suffered a manifest injustice at his plea hearing.

{¶ 16} Palmer's motion and arguments on appeal appear to also claim that he was denied an arraignment on the June 1995 indictment. Palmer's argument could have been raised on direct appeal, and it is now barred by res judicata.

{¶ 17} Moreover, we have held that "[a] challenge regarding improper arraignment is waived if the defendant fails to object to the defect prior to appeal." *State v. Cruea*, 2d Dist. Miami No. 2012 CA 2, 2012-Ohio-5209, ¶ 12, citing *State v. Boone*, 9th Dist. Summit No. 26104, 2012-Ohio-3142; *see Garland v. Washington*, 232 U.S. 642, 646, 32 S.Ct. 456, 58 L.Ed.2d 772 (1914) ("A waiver ought to be conclusively implied where the parties had proceeded as if defendant had been duly arraigned and a formal plea of not guilty had been interposed, and where there was no objection made on account of its absence until, as in this case, the record was brought to this court for review."); *King v. United States*, 25 F.2d 242, 243-44 (6th Cir.1928) ("[E]ven though the defendant had not been formally arraigned, or had not pleaded to the indictment, his proceeding to trial without raising this objection would imply a waiver, or at least the formal defect would not be prejudicial.").

{¶ 18} Palmer was arraigned in April 1995, and a not guilty plea was entered; he was reindicted in June 1995. The handwritten docket attached to Palmer's motion is

difficult to read, but it appears to show that Palmer was served with the new indictment, and that on June 28, 1995, the court filed an entry reducing Palmer's bond to $100,000. Palmer's case proceeded, as if he had been duly arraigned (and the record before the trial court does not show otherwise), for ten months prior to the entry of his no contest pleas. Palmer has not demonstrated that any alleged failure to provide an arraignment on the June 1995 indictment created a manifest injustice warranting the withdrawal of his plea.

{¶ 19}   Palmer's assignment of error is overruled.

{¶ 20}   The trial court's judgment will be affirmed.

. . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Tiffany C. Allen
David D. Palmer
Hon. Timothy N. O'Connell