**[Cite as *State v. McIntyre*, 2012-Ohio-5657.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No.   26449 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| LEWIS LEROY MCINTYRE | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.    CR 09 03 0647 |

DECISION AND JOURNAL ENTRY

Dated: December 5, 2012

BELFANCE, Judge.

{¶1}   Lewis McIntyre appeals from his resentencing hearing.  For the reasons set forth below, we affirm in part and reverse in part.

I.

{¶2}   In March 2009, Mr. McIntyre was indicted for tampering with evidence in violation of R.C. 2921.12(A)(1), petty theft in violation of R.C. 2913.02(A)(3), and obstructing justice in violation of R.C. 2921.32(A)(4).   Several months later he was charged in a supplemental indictment with tampering with records in violation of R.C. 2913.42(A)(1)(B)(4), and obstructing justice in violation of R.C. 2921.32(A)(6), a felony of the fifth degree.  The matter was tried before a jury.  The trial court granted Mr. McIntyre's Crim.R. 29 motion with regard to R.C. 2921.32(A)(4), but a jury convicted Mr. McIntyre of the remaining charges.  Mr. McIntyre was sentenced to four years in prison.

{¶3} Mr. McIntyre appealed,[1] and this Court overruled his first two assignments of error. *State v. McIntyre*, 9th Dist. Nos. 24934, 24945, 2010-Ohio-2569, ¶ 5-10 ("*McIntyre I*"). However, we sustained his third assignment of error, vacated his felony conviction for obstructing justice because the verdict form did not contain the degree of the offense, and remanded for resentencing on that count. *Id*. at ¶ 14-15.

{¶4} Mr. McIntyre moved to reopen his appeal, and this Court granted his motion for the limited purpose of considering two assignments of error. *See State v. McIntyre*, 9th Dist. Nos. 24934, 24945, 2012-Ohio-1173, ¶ 3 ("*McIntyre II*"). Mr. McIntyre argued that his convictions for tampering with records and obstructing justice were void. *Id*. at ¶ 4. In his second assignment of error, Mr. McIntyre argued that the trial court committed plain error when it sentenced him for allied offenses of tampering with records and tampering with evidence. *Id*. at ¶ 16.

{¶5} Mr. McIntyre's assignment of error regarding his arraignment was overruled. *Id*. at ¶ 4-15. However, this Court sustained Mr. McIntyre's second assignment of error. Accordingly, we affirmed Mr. McIntyre's convictions but reversed and remanded the case to the trial court so that it could consider and apply *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314 in the first instance. *McIntyre II* at ¶ 16-17.

{¶6} On remand, the trial court determined that Mr. McIntyre's convictions for tampering with evidence and tampering with records merged for sentencing purposes, and the State elected to proceed on Mr. McIntyre's tampering with evidence conviction. The trial court

---

[1] Mr. McIntyre raised three assignments of error in which he argued that (1) he was deprived of the right to represent himself, (2) his convictions for tampering with records and obstructing official business were void due to an error at arraignment, and (3) he was sentenced erroneously for the felony obstructing justice because the verdict form failed to state the degree of the offense. *See McIntyre I.*

sentenced Mr. McIntyre to 36 months for tampering with evidence and 6 months for obstructing justice. Mr. McIntyre has appealed, raising four assignments of error for our review. For ease of discussion, we have rearranged his assignments of error.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT SENTENCED APPELLANT ON THE ALLIED OFFENSES OF TAMPERING WITH EVIDENCE, OBSTRUCTING JUSTICE, AND PETTY THEFT[] BY ORDERING THE SENTENCES TO RUN CONCURRENT.

{¶7} In Mr. McIntyre's first assignment of error, he argues that the trial court committed plain error when it sentenced him on allied offenses.

{¶8} R.C. 2941.25 provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶9} "The General Assembly enacted R.C. 2941.25 to limit when multiple punishments may be imposed for offenses arising from the same conduct." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 11. The allied-offense analysis requires consideration of whether it is possible to commit the offenses by the same conduct as well as whether the offenses were in fact committed by the same conduct, namely a "single act committed with a single state of mind." (Internal quotations and citations omitted.) *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, at ¶ 49. Furthermore, the "imposition of multiple sentences for allied offenses of similar import is plain error." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 31.

{¶10} In this case, the trial court examined and applied *Johnson* to only two of the four offenses, namely tampering with evidence and tampering with records. It appears that the trial court believed that it was limited to consideration of only these two offenses, which is understandable given that Mr. McIntyre only argued that his sentences for tampering with evidence and tampering with records were allied offenses in his previous appeal. However, when Mr. McIntyre filed his brief, tampering with evidence and tampering with records were the only potentially allied offenses, and it was only after *Johnson* was decided that Mr. McIntyre's other convictions could potentially merge. Thus, we did not limit the scope of our remand but, instead, reversed Mr. McIntyre's sentence. We stated, "Because *Johnson* was decided after Mr. McIntyre was sentenced, the trial court did not consider it. In light of our precedent, it is therefore appropriate to remand *this case* so that the trial court can apply *Johnson* in the first instance." (Emphasis added.) *McIntyre II*, 2012-Ohio-1173, at ¶ 17. Accordingly, the trial court should have considered whether any of Mr. McIntyre's convictions were allied offenses in light of *Johnson*.

{¶11} This Court has previously determined that the trial court should consider the allied-offense issue in the first instance, and, therefore, it is appropriate to remand the matter so that the trial court may consider whether Mr. McIntyre's convictions should merge. *See, e.g., State v. Creel*, 9th Dist. No. 25476, 2011-Ohio-5893, ¶ 4.

{¶12} Mr. McIntyre's first assignment of error is sustained.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT DENIED APPELLANT'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL AS TO THE OFFENSE OF TAMPERING WITH EVIDENCE WHEN THE STATES PROSECUTION HAD RESTED THEIR CASE AFTER PRESENTING INSUFFICIENT EVIDENCE AS TO TAMPERING WITH EVIDENCE. [(SIC)]

{¶13} In Mr. McIntyre's fourth assignment of error, he argues that the trial court erred when it denied his Crim.R. 29 motion for acquittal on the charge of tampering with evidence. However, Mr. McIntyre could have raised this issue in his first appeal but failed to do so. *See generally McIntyre I*, 2010-Ohio-2569. Furthermore, Mr. McIntyre's conviction for tampering with evidence was reversed solely on an allied-offense issue, and, therefore, "the guilty verdicts underlying [his] sentences remain the law of the case and are not subject to review." *Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, at ¶ 15. Accordingly, res judicata bars him from raising it now. *See State v. Ford*, 9th Dist. No. 26480, 2012-Ohio-4384, ¶ 6. *See also Wilson* at ¶ 30 ("The scope of an appeal from a new sentencing hearing is limited to issues that arise at the new sentencing hearing.").

{¶14} His fourth assignment of error is overruled.

ASSIGNMENT OF ERROR V

THE TRIAL COURT COMMITTED PLAIN ERROR AND LACKED JURISDICTION TO HAVE RESENTENCED APPELLANT AS A MATTER OF LAW FOR THE OFFENSES TO WIT TAMPERING WITH EVIDENC[E], OBSTRUCTING JUSTICE, AND PETTY THEFT WHEN BOTH MINIMUM AND MAXIMUM TERMS THAT COULD BE IMPOSED HAD EXPIRED PRIOR TO RESENTENCING.

{¶15} Mr. McIntyre, relying on case law that prohibits a court from imposing post-release control after a defendant's prison term has expired, argues that the trial court lacked jurisdiction to sentence him. According to Mr. McIntyre, the maximum prison term he could receive was less than the time he had already served and, therefore, his prison term had already expired.

{¶16} Because this Court had reversed Mr. McIntyre's sentences for obstructing justice, tampering with evidence, and tampering with records, he had not completed his sentence but, rather, was awaiting sentencing. Thus, his reliance on *State v. Arnold*, 189 Ohio App.3d 238,

2009-Ohio-3636 (2d Dist.), and *State v. Rollins*, 5th Dist. No. 10CA74, 2011-Ohio-2652, is misplaced because both of those cases involved an attempt to impose post-release control after an offender had completed his sentence. *See Arnold* at ¶ 49-50; *Rollins* at ¶ 4-5. In fact, *Arnold* makes clear that "it is the expiration of the prisoner's *journalized sentence * * ** that is determinative of the trial court's authority to resentence." (Internal quotations and citation omitted.) (Emphasis added.) *Id*. at ¶ 50.

{¶17} Furthermore, Mr. McIntyre's argument is essentially that a trial court cannot sentence a defendant whose credit for time served would exceed the maximum possible sentence for his or her crimes. However, he has not directed this Court to any authority that is on point in support. *See* App.R. 16(A)(7). Nor has this Court's own research uncovered any such authority, and it is not this Court's duty to create Mr. McIntyre's argument for him. *See Cardone v. Cardone*, 9th Dist. No. 18349, 1998 WL 224934, *8 (May 6, 1998).

{¶18} Accordingly, Mr. McIntyre's fifth assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT RESENTENCED APPELLANT AS TO THE OFFENSE OF OBSTRUCTING JUSTICE AND ITS UNDERLYING OFFENSE PASSING BAD CHECKS F-5 TO A LESSER INCLUDED DEGREE OF OBSTRUCTING JUSTICE AND ITS UNDERLYING OFFENSE PASSING BAD CHECKS-M1[] WHEN THE TRIAL COURT HAD PREVIOUSLY GRANTED APPELLANT'S MOTION FOR ACQUITTAL AS TO SAID OFFENSE AND PURSUANT TO CRIM.R. 29.

ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT SENTENCED THE APPELLANT TO A THIRTY-SIX MONTH MAXIMUM PENALTY TERM THAT COULD BE IMPOSED FOR THE OFFENSE OF TAMPERING WITH EVIDENCE A NON VIOLENT FELONY THREE OFFENSE WITHOUT FIRST CONSIDERING AND MAKING THE MANDATORY AND APPROPRIATE STATUTORY FINDINGS IN ACCORDANCE WITH THE PRINCIPLES AND PURPOSES OF SENTENCING PURSUANT TO OHIO

REVISED CODE 2929.11 AND THE SERIOUSNESS AND RECIDIVISM FACTORS PURSUANT TO OHIO REVISED CODE 2929.12 AND OHIO REVISED CODE 2929.19.

{¶19} Based on our resolution of Mr. McIntyre's first assignment of error, these assignments of error are moot, and, therefore, we decline to address them. *See* App.R. 12(A)(1)(c).

III.

{¶20} Mr. McIntyre's first assignment of error is sustained. His fourth and fifth assignments of error are overruled, and his second and third assignments of error are moot. The judgment of the Summit County Court of Common Pleas is reversed in part, and the matter is remanded for further proceedings consistent with this decision.

Judgment affirmed in part,<br>
reversed in part,<br>
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

8

Costs taxed equally to both parties.

                                        _____

EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
DICKINSON, J.
CONCUR.

APPEARANCES:

LEWIS LEROY MCINTYRE, JR., pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.