[Cite as *State v. Burns*, 2013-Ohio-4784.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.      26332 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| GEROME BURNS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR 11 08 2318 |

DECISION AND JOURNAL ENTRY

Dated: October 30, 2013

BELFANCE, Presiding Judge.

{¶1}    Defendant-Appellant Gerome Burns appeals from the judgment of the Summit County Court of Common Pleas.  For the reasons set forth below, we affirm in part, reverse in part, and remand the matter for proceedings consistent with this opinion.

I.

{¶2}    In September 2011, Mr. Burns was indicted in a 13-count indictment that included numerous felonies, several of which contained firearm specifications.  The charges related to incidents that took place on August 4, 2011, August 8, 2011, August 14, 2011, and August 17, 2011.  In October 2011, a supplemental indictment was filed adding three counts for having weapons under disability.  Following a motion to sever, several of the charges were severed and the matter proceeded to a bench trial on the following charges:  count 1, aggravated robbery along with the accompanying firearms specification, count 2, kidnapping along with the accompanying firearms specification, count 3, failure to comply with an order or signal of a

police officer, count 4, resisting arrest, count 5, stop sign violation, count 6, reckless operation, count 7, speeding, count 8, theft, and count 14, having weapons under disability. All the counts, aside from count eight, related to an incident that took place on August 17, 2011.

**{¶3}** The trial court found Mr. Burns guilty of all of the counts, aside from count eight. After trial, the remaining counts in the indictment and the supplement to the indictment, which were previously severed, were dismissed. Mr. Burns was sentenced to an aggregate term of fifteen years in prison.

**{¶4}** Mr. Burns has appealed, pro se, raising three assignments of error for our review.

II.

**{¶5}** "As a preliminary matter, this Court is obligated to raise sua sponte questions related to our jurisdiction." *State v. Howse,* 9th Dist. Lorain No. 11CA010009, 2011-Ohio-6682, ¶ 5, citing *Whitaker–Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). "This Court has jurisdiction to hear appeals only from final judgments." *Howse* at ¶ 5, citing Article IV, Section 3(B)(2), Ohio Constitution and R.C. 2501.02.

**{¶6}** "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus; *see also* Crim.R. 32(C). With respect to sentencing, this Court has stated that, "[w]hile the trial court has the discretion to suspend a sentence, this Court can find no authority for the proposition that it has the discretion to refuse to impose sentence altogether." (Internal quotations and citation omitted.) *State v. Goodwin,* 9th Dist. Summit. No. 2337, 2007-Ohio-2343, ¶ 2. The Supreme Court of Ohio has held that "costs are distinct from criminal punishment." *State v. Joseph,* 125 Ohio St.3d 76, 2010-Ohio-954, ¶

20. Instead, they "are more akin to a civil judgment for money." (Internal citations and quotations omitted.) *Id.* Thus, the imposition of costs does not constitute a sentence. *See also* R.C. 2929.01(DD), (EE).

{¶7} In the instant matter, for counts five through seven, all minor misdemeanors, the trial court ordered Mr. Burns "to pay the costs of [] prosecution as punishment * * *." No other sentence was imposed on those counts. While it is clear that the imposition of costs is not a sentence, *see Joseph* at ¶ 20, R.C. 2929.01(DD), (EE), we nonetheless conclude that the trial court did not decline to sentence Mr. Burns on these counts in violation of *Goodwin*. *See Goodwin* at ¶ 2. Instead, we conclude that, by specifically ordering that Mr. Burns pay the costs of prosecution as the only punishment for counts five through seven, the trial court imposed an illegal sentence on those counts; however, it did sentence Mr. Burns on all of the counts for purposes of finality.[1] Given that costs cannot be a sentence, we remand the matter to the trial court so that Mr. Burns can be resentenced on counts five, six, and seven.

{¶8} Additionally, we note that, despite the fact that the trial court merged count two (kidnapping) with count one (aggravated robbery), it impermissibly sentenced Mr. Burns on both counts and on both attendant firearm specifications. *See State v. Roper,* 9th Dist. Summit Nos. 26631, 26632, 2013-Ohio-2176, ¶ 9, 11. These errors must be corrected on remand as well.

III.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN CONVICTING APPELLANT OF AGGRAVATED ROBBERY BECAUSE THE STATE FAILED TO PRODUCE LEGALLY SUFFICIENT EVIDENCE THAT APPELLANT COMMITTED A ROBBERY WHILE IN POSSESSION OF A DEADLY WEAPON. THE TRIAL

---

[1] This does not resolve the issue of whether the general imposition of costs qualifies as a sentence for purposes of finality absent an indication of the trial court's intention to have costs be the sentence.

COURT ALSO ERRED IN CONVICTING THE APPELLANT OF KIDNAPPING BECAUSE THE STATE FAILED TO PRO[DUCE] SUFFICIENT EVIDENCE THAT APPELLANT RESTRAINED THE VICTIM'S FREEDOM OF MOVEMENT.

{¶9}    Mr. Burns asserts in his first assignment of error that there was insufficient evidence to convict him of aggravated robbery, kidnapping, and the accompanying firearm specifications.  We do not agree.

{¶10}   "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo."   *State v. Williams*, 9th Dist. Summit No. 24731, 2009–Ohio–6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶11} Mr. Burns was convicted of aggravated robbery in violation of R.C. 2911.01(A)(1).  R.C. 2911.01(A)(1) provides that

> [n]o person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]

*See also* R.C. 2911.01(D)(1); R.C. 2923.11(A) (defining deadly weapon); *State v. Vonderberg,* 61 Ohio St.2d 285, 288 (1980) (noting that "a gun designed for use as a weapon may be considered a 'deadly weapon' for purposes of sustaining a conviction of aggravated robbery, even though such gun is found to have been unloaded at the time of the robbery[]").

{¶12} Additionally, Mr. Burns was convicted of kidnapping in violation of R.C. 2905.01(A)(2). R.C. 2905.01(A)(2) states that "[n]o person, by force, threat, or deception, * * * shall remove another from the place where the other person is found or restrain the liberty of the other person * * * [t]o facilitate the commission of any felony or flight thereafter[.]" Each of those two charges also contained attendant firearm specifications under R.C. 2941.145.

{¶13} Mr. Burns' argument on appeal is limited to his contention that there was insufficient evidence that he displayed a gun in committing the crimes of aggravated burglary and kidnapping. Accordingly, he asserts that those convictions and accompanying specifications are based on insufficient evidence. Specifically, he asserts that, because he testified that he did not have a gun, and instead used his cell phone to rob the victim, there was insufficient evidence to support his convictions.

{¶14} At trial, E. Scott Dalton testified that, on August 17, 2011, he was in the process of purchasing a home at 325 Aurora Street in Hudson. He stated that he arrived at 325 Aurora Street around 3:30 p.m. to examine what kind of exterior and lawn work needed to be done there. After having been there for around 25 minutes, he heard a voice say something like, "'Okay, man, give it up[.]'" When Mr. Dalton turned around, he saw a man, approximately 12 feet away, pointing a gun at him. The man proceeded to demand Mr. Dalton's wallet, followed by his watch, and ultimately his wedding ring. Mr. Dalton tossed all the requested items to the man because Mr. Dalton did not want to get too close to the man because he had a gun. The man then ordered Mr. Dalton to go to the backyard. Mr. Dalton initially began to comply, but decided that he did not want to do that because it was secluded. Instead, Mr. Dalton put his hands in the air and began walking towards the street. As he was doing so, he was afraid the man with the gun was going to shoot him. When Mr. Dalton reached the front of the property he sensed that the

man with the gun had moved. At the point, Mr. Dalton looked around and saw the man get into a dark gray Cadillac and drive west on Aurora Street towards Route 91.

{¶15} Mr. Dalton did not have a cell phone on him and so could not call for help. Instead, he got into his SUV and proceeded to the Hudson Police Department which was nearby. The dispatcher testified that, when Mr. Dalton arrived, he did not even park his car. Mr. Dalton pulled right up to the door, left his car door open, and ran inside. The dispatcher indicated that he was panicked and shaking as he reported the robbery. Mr. Dalton told the dispatcher that the man who robbed him was a black male wearing a dark-colored shirt with a gold emblem and that he had a gun. Mr. Dalton wrote out a statement but was not able to identify a suspect out of a photo array. However, in court, Mr. Dalton was able to identify Mr. Burns as the man who robbed him. Mr. Dalton testified that he was certain that Mr. Burns had a gun.

{¶16} Additionally, Mr. Dalton testified that, because of the experience, he began to have chest discomfort and had to go to the hospital to be examined. Ultimately, Mr. Dalton decided that he could not go through with the purchase of the home after being robbed at that location.

{¶17} In light of the foregoing, we conclude there was sufficient evidence presented when viewed in a light most favorable to the State that Mr. Burns displayed a deadly weapon, i.e. a gun, when robbing and kidnapping Mr. Dalton. Mr. Burns argues that, because he testified that he had a cell phone that he used as a gun but not an actual gun, there was insufficient evidence he had a gun. However, when reviewing the sufficiency of the evidence, we do not evaluate credibility and instead view the evidence in a light most favorable to the prosecution and determine whether any reasonable trier of fact could have found the elements proven beyond a reasonable doubt. *See Jenks,* 61 Ohio St.3d at paragraph two of the syllabus. If Mr. Dalton's

testimony is believed, there is sufficient evidence that Mr. Burns displayed a gun while robbing and kidnapping Mr. Dalton. Notably, Mr. Burns does not assert that, if Mr. Dalton's testimony that Mr. Burns had a gun is believed, the gun would not qualify as a firearm as defined under R.C. 2923.11(B), thereby satisfying the firearm specification. *See also* R.C. 2941.145(A); *State v. Thompkins,* 78 Ohio St.3d at paragraph one of the syllabus. Accordingly, after reviewing the evidence in light of Mr. Burns' limited arguments, we cannot say that his convictions for aggravated robbery and kidnapping with the accompanying firearms specifications are based on insufficient evidence. We overrule Mr. Burns' first assignment of error.

### ASSIGNMENT OF ERROR II

THE APPELLANT'S TRIAL COUNSEL'S FAILURE TO OBJECT TO THE ADMISSION OF EVIDENCE OF APPELLANT'S PRIOR CRIMINAL HISTORY BY WAY OF PRE-TRIAL MOTION, DURING THE TESTIMONY OF THE WITNESS[] OR INTRODUCTION OF EVIDENCE AT TRIAL, OR, DURING CLOSING ARGUMENT CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶18} Mr. Burns asserts in his second assignment of error that his trial counsel was ineffective by failing to object to the admission of his criminal history. However, within this assignment of error he makes two arguments as to why his counsel was ineffective. We see no merit in either of them.

{¶19} In order to prevail on an ineffective assistance of counsel claim, a defendant "must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Mundt*, 115 Ohio St.3d 22, 2007–Ohio–4836, ¶ 62, citing *Strickland v. Washington*, 466 U.S. 668, 687–688, 694 (1984).

**{¶20}** With respect to Mr. Burns' stated argument in his assignment of error, he makes little argument, aside from stating that his criminal record was inadmissible pursuant to Evid.R. 402 and, thus, counsel should have objected to its admission and pointed out its irrelevance. *See* App.R. 16(A)(7). However, Mr. Burns' criminal record was relevant evidence concerning the weapons under disability charge. In order to obtain a conviction pursuant to R.C. 2923.13, the State was required to prove that Mr. Burns had a weapon while under disability. R.C. 2923.13(A)(2)/(3) prohibits the knowing acquisition, possession, carrying or use of any firearm or dangerous ordnance if "the person is under indictment for or has been convicted of any felony offense of violence" or "[t]he person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse * * *." Thus, the admission of evidence of Mr. Burns' conviction for trafficking in cocaine was relevant evidence that was introduced by the State to establish an element of its case.[2]

**{¶21}** With respect to the remaining discussion of Mr. Burns' criminal history that occurred during the State's cross-examination of Mr. Burns, Mr. Burns has not explained how, or even asserted that, the State's questioning violated Evid.R. 609, which allows a defendant's testimony to be impeached by the introduction of testimony concerning prior convictions under certain circumstances. *See* Evid.R. 609(A)(2); *State v. Lawson,* 2d Dist. Montgomery No. 23456, 2010-Ohio-3114, ¶ 17-24; *State v. Owings,* 2d Dist. Montgomery No. 21429, 2006-Ohio-4281, ¶ 29 ("When a defendant's version of what occurred contradicts other witnesses, his

---

[2] We also note that, in a bench trial, absent evidence to the contrary, "the court is presumed to have considered only the relevant, material, and competent evidence." *State v. Bays,* 87 Ohio St.3d 15, 28 (1999); *Akron v. Fowler*, 9th Dist. Summit No. 21327, 2003-Ohio-2844, ¶ 7.

credibility is at issue and it may be appropriate to impeach the defendant and to test his credibility by introducing testimony regarding his prior convictions.").

{¶22} In light of the foregoing, Mr. Burns has not demonstrated that his counsel's performance was deficient; Mr. Burns has not demonstrated that his criminal history was inadmissible under the circumstances and, thus, has not established that counsel was ineffective in failing to object. Moreover, Mr. Burns has not demonstrated that, assuming there was deficient performance, he was prejudiced by that deficient performance.

{¶23} Mr. Burns also asserts that his trial counsel was ineffective by failing to emphasize Mr. Burns' position that he did not have a gun while committing the crimes at issue. We see no merit in this argument because trial counsel did bring out this issue on several occasions. During opening statement, trial counsel stated, "I think in order to cut through the chase, I will point straight to the court that * * * there was not a gun used." Additionally, trial counsel cross-examined the officers involved in the multi-district car chase of Mr. Burns' vehicle that followed the robbery.[3] Trial counsel asked one the officers if he ever saw Mr. Burns with a gun or saw him throw a gun during the chase. The officer indicated that he had not. Also under trial counsel's cross-examination, the officer testified that, while police had searched for the gun following the car chase, the gun was not recovered. Trial counsel asked similar questions of the other officers involved in the multi-district car chase. Moreover, Mr. Burns made it clear during trial counsel's direct examination of him that Mr. Burns had a cell phone that he used like it was a gun. Finally, in closing, trial counsel reiterated that no one saw Mr. Burns throw a weapon

---

[3] That car chase led to several additional charges and convictions that Mr. Burns does not challenge on appeal.

from the vehicle and stated that "[i]t didn't appear there was a weapon on him at any place[ o]r at any time for that matter."

**{¶24}** In light of the foregoing, we see no merit in Mr. Burns' argument that trial counsel failed to adequately present Mr. Burns' position that he did not have a gun. Accordingly, Mr. Burns has not demonstrated ineffective assistance.

**{¶25}** Given Mr. Burns' limited argument, his second assignment of error is overruled.

## THIRD ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED PLAIN AND PREJUDICIAL ERROR WHEN IT ADMITTED APPELLANT'S PRIOR CRIMINAL HISTORY INTO EVIDENCE.

**{¶26}** Mr. Burns asserts in his third assignment of error that the trial court committed plain error in admitting evidence of Mr. Burns' criminal history. While Mr. Burns' argument is difficult to follow, he appears to argue that his criminal history was irrelevant, or even if it was relevant, its probative value was outweighed by its prejudicial effect. *See* Evid.R. 402, 403.

**{¶27}** Generally, to establish plain error,

"[f]irst, there must be an error, i.e., a deviation from the legal rule. * * * Second, the error must be plain. To be 'plain' within the meaning of Crim.R. 52(B), an error must be an 'obvious' defect in the trial proceedings. * * * Third, the error must have affected 'substantial rights[ ]' [to the extent that it] * * * affected the outcome of the trial."

*State v. Hardges*, 9th Dist. Summit No. 24175, 2008-Ohio-5567, ¶ 9, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).

**{¶28}** As discussed above in Mr. Burns' second assignment of error, Mr. Burns has not explained why his prior conviction for trafficking would not have been admissible to establish a violation of R.C. 2923.13 or why testimony concerning his criminal history was not proper impeachment evidence under Evid.R. 609 in light of the fact that he testified at trial. *See*

*Owings,* 2006-Ohio-4281, at ¶ 29-30. Accordingly, we cannot say that the trial court committed an obvious error by admitting testimony about Mr. Burns' criminal history. *See Hardges* at ¶ 9. Further, Mr. Burns has not explained how admission of this evidence affected the outcome of trial, particularly in light of the fact that Mr. Burns had a bench trial. *See Fowler*, 2003-Ohio-2844, at ¶ 7.

{¶29} To the extent that Mr. Burns asserts in this assignment of error that the trial court erred in admitting testimony about a police dash camera video or that improper statements were made at sentencing, we note that these arguments are outside the scope of his assigned error. *See State v. McPherson,* 9th Dist. Lorain No. 08CA009377, 2009-Ohio-1426, ¶ 44. Further, Mr. Burns has not explained how these alleged errors affected his substantial rights. *See* Crim.R. 52(A). Accordingly, we overrule Mr. Burns' third assignment of error.

III.

{¶30} In light of the foregoing, we overrule Mr. Burns' assignments of error but remand the matter for resentencing on counts five, six, and seven and for the proper merger of counts one and two and their accompanying firearm specifications.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

GEROME BURNS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.