[Cite as *State v. Gilcreast*, 2015-Ohio-4745.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 27804 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| KEITH GILCREAST | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 02 11 3315B |

DECISION AND JOURNAL ENTRY

Dated: November 18, 2015

CARR, Presiding Judge.

{¶1} Appellant, Keith Gilcreast, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2003, Gilcreast was found guilty by a jury of murder, attempted murder, discharging a firearm into a habitation, and several other criminal offenses. Gilcreast was sentenced to 46 years to life in prison. The trial court issued its sentencing entry on April 1, 2003. This Court affirmed Gilcreast's convictions but sustained, in part, a challenge to his sentence based on our conclusion that the trial court failed to make the requisite findings in support of consecutive sentences. *State v. Gilcreast*, 9th Dist. Summit No. 21533, 2003-Ohio-7177. We remanded the matter with instructions to make the required statutory findings. In accordance with our decision, the trial court held a hearing and issued a journal entry stating its findings on June 30, 2004.

{¶3} On March 20, 2015, Gilcreast filed a pro se motion to "revise/correct" the June 30, 2004 sentencing entry, arguing that it did not constitute a final, appealable order. The State filed a memorandum in opposition. On April 17, 2015, the trial court issued a journal entry denying Gilcreast's motion to revise his sentence.

{¶4} On appeal, Gilcreast raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO REVISE/CORRECT JUDGMENT ENTRY.

{¶5} In his sole assignment of error, Gilcreast argues that the trial court abused its discretion in denying his motion to revise his sentencing entry. This Court disagrees.

{¶6} After Gilcreast was convicted and sentenced, the trial court issued its sentencing entry on April 1, 2003. The sentencing entry was signed by the trial judge and journalized by the clerk of courts, and further specified that Gilcreast was convicted by a jury of murder and numerous others offenses and that he was sentenced to an aggregate prison sentence of 46 years to life. The April 1, 2003 journal entry constituted a final, appealable order, and Gilcreast appealed to this court.

{¶7} On appeal, this Court affirmed Gilcreast's convictions and rejected his argument that the trial court failed to comply with statutory requirements for imposing maximum sentences. *State v. Gilcreast*, 9th Dist. Summit No. 21533, 2003-Ohio-7177. With respect to the imposition of consecutive sentences, however, this Court sustained Gilcreast's assignment of error, in part, and concluded that the trial court failed to make the necessary findings. *Gilcreast* at ¶ 62. We remanded the matter to the trial court and "instruct[ed] the sentencing court to state, on the record, the required findings." *Id*. at ¶ 64, quoting R.C. 2953.08(G)(1). On June 30,

2004, the trial court issued a journal entry indicating that the prosecutor, Gilcreast, and defense counsel had appeared before the trial court on June 25, 2004. The entry set forth the trial court's findings in support of the imposition of consecutive sentences. The entry also appointed appellate counsel and stated that Gilcreast had been notified of his right to appeal.

{¶8} More than ten years later, on March 20, 2015, Gilcreast filed a pro se motion to correct the June 30, 2004 entry, arguing that the trial court failed to comport with the requirements of Crim.R. 32(C). The trial court denied the motion. Now before this Court, Gilcreast contends that the trial court erred in denying his motion because the 2004 journal entry did not constitute a final, appealable order.

{¶9} The trial court properly denied Gilcreast's 2015 motion to revise his sentence. The April 1, 2003 sentencing entry identified the offenses for which Gilcreast was convicted and set forth the manner of conviction and his sentence. In resolving Gilcreast's direct appeal, we affirmed his convictions. Though we did not vacate his sentence, this Court remanded with specific instructions for the trial court to make findings pursuant to R.C. 2953.08(G)(1). R.C. 2953.08(G)(1) was a statute in effect at that time which "deal[t] with the specific situation where a trial court is required to make findings [pursuant to] R.C. 2929.14(E)(4), and fail[ed] to state the required findings on the record. That statute * * * provide[d] that the appropriate relief on appeal [was] to remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings." *State v. Casas*, 2d Dist. Montgomery No. 18768, 2003-Ohio-5721, ¶ 10. Thus, while Gilcreast filed a motion in 2015 arguing that the June 30, 2004 journal entry was not a final, appealable order, it is apparent the trial court acted in accord with our decision in Gilcreast's direct appeal by holding a hearing on remand and issuing a journal entry setting forth the requisite findings. "[A] trial court has no authority to extend or vary the

mandate of the appellate court." *State v. O'Neal*, 9th Dist. Medina No. 07CA0050-M, 2008-Ohio-1325, ¶ 11, citing *Nolan v. Nolan*, 11 Ohio St.3d 1, 4 (1984). In its June 30, 2004 journal entry setting forth its findings, the trial court also stated that it had informed Gilcreast of his right to appeal and appointed appellate counsel. At that time, Gilcreast could have appealed any issues arising from the trial court's findings in support of consecutive sentences. It follows that the trial court properly denied his motion filed more than ten years later requesting the journalizaion of a final, appealable order.

{¶10} Gilcreast's sole assignment of error is overruled.

III.

{¶11} Gilcreast's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.,
SCHAFER, J.
CONCUR.

APPEARANCES:

KEITH GILCREAST, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.