[Cite as *State v. McIntyre*, 2016-Ohio-93.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27670 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LEWIS LEROY MCINTYRE, JR. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 09 03 0647 |

DECISION AND JOURNAL ENTRY

Dated: January 13, 2016

MOORE, Judge.

{¶1} Defendant-Appellant Lewis Leroy McIntyre appeals from the resentencing entry of the Summit County Court of Common Pleas. We affirm in part and vacate in part.

I.

{¶2} This case has a lengthy history with this Court. We have most recently summarized it as follows:

In March 2009, Mr. McIntyre was indicted for tampering with evidence in violation of R.C. 2921.12(A)(1), petty theft in violation of R.C. 2913.02(A)(3), and obstructing justice in violation of R.C. 2921.32(A)(4). Several months later he was charged in a supplemental indictment with tampering with records in violation of R.C. 2913.42(A)(1)(B)(4), and obstructing justice in violation of R.C. 2921.32(A)(6), a felony of the fifth degree. The matter was tried before a jury. The trial court granted Mr. McIntyre's Crim.R. 29 motion with regard to R.C. 2921.32(A)(4) [count three][1], but a jury convicted Mr. McIntyre of the remaining charges. Mr. McIntyre was sentenced to four years in prison.

---

[1] At trial, prior to the jury being sworn in, count three was orally amended to reflect a violation of R.C. 2921.32(A)(6) as opposed to R.C. 2921.32(A)(4). We acknowledge that a plurality of the Supreme Court of Ohio has recently decided *State ex rel. McIntyre v. Summit County Court of Common Pleas,* Slip Opinion No. 2015-Ohio-5343 (involving charges unrelated

Mr. McIntyre appealed, and this Court overruled his first two assignments of error. *State v. McIntyre*, 9th Dist. Nos. 24934, 24945, 2010-Ohio-2569, ¶ 5-10 ("*McIntyre I*"). However, we sustained his third assignment of error, vacated his felony conviction for obstructing justice [count five] because the verdict form did not contain the degree of the offense, and remanded for resentencing on that count. *Id*. at ¶ 14-15.

Mr. McIntyre moved to reopen his appeal, and this Court granted his motion for the limited purpose of considering two assignments of error. *See State v. McIntyre*, 9th Dist. Nos. 24934, 24945, 2012-Ohio-1173, ¶ 3 ("*McIntyre II*"). Mr. McIntyre argued that his convictions for tampering with records and obstructing justice were void. *Id*. at ¶ 4. In his second assignment of error, Mr. McIntyre argued that the trial court committed plain error when it sentenced him for allied offenses of tampering with records and tampering with evidence. *Id*. at ¶ 16.

Mr. McIntyre's assignment of error regarding his arraignment was overruled. *Id*. at ¶ 4-15. However, this Court sustained Mr. McIntyre's second assignment of error. Accordingly, we affirmed Mr. McIntyre's convictions but reversed and remanded the case to the trial court so that it could consider and apply *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314 in the first instance. *McIntyre II* at ¶ 16-17.

On remand, the trial court determined that Mr. McIntyre's convictions for tampering with evidence and tampering with records merged for sentencing purposes, and the State elected to proceed on Mr. McIntyre's tampering with evidence conviction. The trial court sentenced Mr. McIntyre to 36 months for tampering with evidence and 6 months for obstructing justice [count five].

*State v. McIntyre,* 9th Dist. Summit No. 26449, 2012-Ohio-5657, ¶ 2-6 ("*McIntyre III*").

{¶3} Mr. McIntyre again appealed and, inter alia, asserted that the trial court committed plain error in sentencing him on allied offenses. *Id.* at ¶ 7. Because the trial court "examined and applied *Johnson* to only two of the four offenses," *id.* at ¶ 10, we sustained Mr. McIntyre's argument and remanded the matter so that the trial court could consider whether the other offenses merged. *Id.* at ¶ 11.

---

to the present case), which potentially could present a finality issue under the circumstances involved in this case. However, only three justices concurred in the analysis in that case and where four justices do not join a decision, it does not constitute a holding of the Court. *Fed. Home Mtge. Copr. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 29. This Court declines to adopt the analysis in *State ex rel. McIntyre* in light of the fact that it would dramatically alter existing case law on what constitutes a final, appealable order in the criminal context.

{¶4} Subsequently, Mr. McIntyre filed several pro se motions in the trial court. Thereafter, counsel was appointed for purposes of representing Mr. McIntyre at the resentencing hearing, and counsel filed a motion for a mistrial on all counts. The premise underlying the motion was counsel's assertion that the 2009 sentencing entry (and every sentencing entry thereafter) did not constitute a final appealable order. Counsel argued that, at trial, even though trial counsel moved pursuant to Crim.R. 29 on count three, the trial court, based upon the facts raised by the trial court, thought it was granting an acquittal on count five.[2] Given that discussion at trial, counsel maintained that Mr. McIntyre was actually acquitted on count five[3] and that that count should have never made it to the jury. Further, under counsel's reasoning, count three has remained unresolved as it was never presented to the jury. Mr. McIntyre's counsel argued that, because there was no final appealable order, the trial court could consider whether a mistrial was warranted, even though this Court limited the remand to an allied offenses issue.

{¶5} The trial court granted Mr. McIntyre's motion for a mistrial, but only with respect to count three. The trial court concluded that, at trial, it had acquitted Mr. McIntyre of count five, yet, nonetheless instructed the jury on that count, and failed to instruct the jury on count three. Thus, the trial court believed count three was still pending and declared a mistrial with respect to it.

{¶6} Following the declaration of a mistrial on count three, the State notified the trial court that it intended to dismiss count three and that it conceded that the remaining charges

---

[2] Nonetheless, the trial court, in the entry journalizing the verdict, granted the Crim.R. 29 motion on count three, and later in the sentencing entry noted that it had dismissed count three.

[3] In the sentencing entries, the trial court renumbered the remaining counts, following the acquittal on count three. For ease of discussion, we will refer to the counts by their original numbers.

merged for purposes of sentencing. The State sought to have Mr. McIntyre sentenced on count one, tampering with evidence. Subsequently, the trial court held a resentencing hearing. The trial court concluded that the only counts remaining for resentencing were counts one, two, and four. The trial court declined to sentence Mr. McIntyre on count 4 (tampering with records), concluding it merged with count one, but sentenced him on counts one and two (petty theft).

{¶7} Despite the trial court's order granting a mistrial on count three, the resentencing entry reflects that the trial court issued a directed verdict of not guilty on count three and granted a Crim.R. 29 motion on count five. The resentencing entry also reflects that it was issued as a nunc pro tunc entry. There appears to be no dispute that Mr. McIntyre has served his prison sentences related to these charges.

{¶8} Mr. McIntyre has appealed, raising ten assignments of error, which will be addressed out of sequence and consolidated to facilitate our review.

II.

{¶9} We begin our analysis by addressing an issue underlying Mr. McIntyre's appeal: whether the 2009 sentencing entry was a final, appealable order. Despite Mr. McIntyre's and the trial court's beliefs to the contrary, we conclude that it was.

{¶10} "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Burns,* 9th Dist. Summit No. 26332, 2013-Ohio-4784, ¶ 6, quoting *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus; *see also* Crim.R. 32(C). The 2009 sentencing entry included all of the required elements and resolved all of the charges. Thus, it was a final, appealable order.

{¶11} "Absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment." *State v. Gilbert,* 143 Ohio St.3d 150, 2014-Ohio-4562, ¶ 8, quoting *State v. Carlisle,* 131 Ohio St.3d 127, 2011-Ohio-6553, ¶ 1. "Once a final judgment has been issued pursuant to Crim.R. 32, the trial court's jurisdiction ends." *Gilbert* at ¶ 9. Further, should an appellate court remand a matter to the trial court, upon remand, "[a] trial court has no authority to extend or vary the mandate of the appellate court." *State v. Gilcreast,* 9th Dist. Summit No. 27804, 2015-Ohio-4745, ¶ 9, quoting *State v. O'Neal*, 9th Dist. Medina No. 07CA0050-M, 2008-Ohio-1325, ¶ 11, citing *Nolan v. Nolan*, 11 Ohio St.3d 1, 4 (1984).

{¶12} When this Court last remanded the matter to the trial court, it did so to allow the trial court to "consider whether Mr. McIntyre's convictions should merge." *McIntyre III,* 2012-Ohio-5657, ¶ 11. "In a remand based only on an allied-offenses sentencing error, the guilty verdicts underlying a defendant's sentences remain the law of the case and are not subject to review." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 15. "[T]he trial court must hold a new sentencing hearing for the offenses that remain after the state selects which allied offense or offenses to pursue." *Id.* at paragraph one of the syllabus. Given that it does not appear that the trial court found any additional offenses to be allied, the trial court's entry should have reflected the same. The trial court's 2015 sentencing entry clearly exceeded the scope of our remand. The trial court did not have the authority to dismiss count five – a count that was resolved in the 2009 sentencing entry by the jury's guilty verdict. Nor did the trial court have authority to alter the sentence on that count, absent a conclusion that it was an allied offense that merged for purposes of sentencing. To the extent the trial court's 2015 sentencing entry exceeded the scope of our remand, it is vacated.

III.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT LOST JURISDICTION TO FILE A JUDGMENT ENTRY OF CONVICTION AND SENTENCE BECAUSE IT FAILED TO COMPLY WITH THE MANDATORY REQUIREMENTS OF SUP.R. 7.

{¶13} Mr. McIntyre asserts in his third assignment of error that the trial court lacked jurisdiction to file the sentencing entry in this case because it failed to file it within 30 days as required by Sup.R. 7.

{¶14} Sup.R. 7 provides that, "[t]he judgment entry specified in Civil Rule 58 and in Criminal Rule 32 shall be filed and journalized within thirty days of the verdict, decree, or decision. If the entry is not prepared and presented by counsel, it shall be prepared and filed by the court." Mr. McIntyre argues that because the resentencing hearing took place on July 18, 2014, the trial court was required to issue a judgment entry within thirty days. The trial court did not issue an entry until January 9, 2015.

{¶15} Mr. McIntyre has failed to cite to any case law that would indicate that the trial court's failure to comply with Sup.R. 7 deprived the trial court of jurisdiction to enter a sentencing entry. *See* App.R. 16(A)(7). Assuming there was a delay in issuing Mr. McIntyre's sentencing entry, and that Sup.R. 7 applied to a resentencing, Mr. McIntyre's remedy was to file a complaint for a writ of mandamus or procedendo. *See State ex rel. Culgan v. Medina Cty. Court of Common Pleas,* 119 Ohio St.3d 535, 2008-Ohio-4609, ¶ 8, *quoting State ex rel. Reynolds v. Basinger,* 99 Ohio St.3d 303, 2003-Ohio-3631, ¶ 5 ("[P]rocedendo and mandamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment."). As Mr. McIntyre has not demonstrated that the trial court lacked jurisdiction to enter the sentencing entry, we overrule his third assignment of error.

**ASSIGNMENT OF ERROR IV**

THE TRIAL COURT ERRED BY ISSUING A "NUNC PRO TUNC" ENTRY
THAT DOES NOT PROPERLY CONSTITUTE AS A NUNC PRO TUNC.

**{¶16}** Mr. McIntyre argues in his fourth assignment of error that the trial court erred in issuing his sentencing entry as a nunc pro tunc entry.

**{¶17}** "A court may issue a nunc pro tunc to correct a clerical mistake in an entry so that the entry reflects what actually occurred in open court." *State v. Stevens,* 9th Dist. Summit No. 27366, 2015-Ohio-4009, ¶ 5, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 30. Here the trial court's entry was issued subsequent to a limited remand by this Court. That remand involved a limited resentencing to consider and resolve allied offense issues that were not previously resolved by the trial court. Accordingly, the trial court's 2015 sentencing entry was not issued to correct a clerical error. Thus, we agree that the trial court erred in categorizing its entry as such. The portion of the entry which states it is a nunc pro tunc entry is vacated.

**{¶18}** Mr. McIntyre's fourth assignment of error is sustained to the extent discussed above.

**ASSIGNMENT OF ERROR IX**

THE TRIAL COURT ERRED BY FAILING TO PROPERLY MERGE ALL
OFFENSES AS ALLIED DURING SENTENCING.

**{¶19}** Mr. McIntyre asserts in his ninth assignment of error that the trial court erred in failing to merge the petty theft charge with the tampering charges.

**{¶20}** We note that Mr. McIntyre's argument on this point contains only three sentences. *See* App.R. 16(A)(7). Unsurprisingly, it is not well developed.

**{¶21}** However, even if it were developed, we would conclude, based upon the particular facts of this case, that this assignment of error is moot. "[W]hen an appellant

completes a misdemeanor sentence without requesting a stay pending appeal and does not offer evidence from which this Court could infer that the appellant would suffer collateral disability or loss of civil rights stemming from the misdemeanor conviction, the appeal is moot." *State v. Boone,* 9th Dist. Summit No. 26104, 2013-Ohio-2664, ¶ 7. We have applied this analysis under circumstances similar to those of this case. *See id.* at ¶ 3, 6, 8. Mr. McIntyre has made no argument that he will suffer any collateral disability or loss of civil rights. There is no dispute that Mr. McIntyre has completed his misdemeanor sentences and there is nothing in the record that suggests Mr. McIntyre requested a stay of sentencing on these counts pending appeal. *See State v. McIntyre,* 9th Dist. Summit Nos. 24934, 24945 (Aug. 5, 2010) ("Appellant was sentenced to serve six months of incarceration. As he has served his sentence and has failed to request the trial court to stay the conviction, we conclude that any issue with regard to his petty theft conviction is moot.") Thus, Mr. McIntyre's appeal with respect to this issue is moot. Mr. McIntyre's ninth assignment of error is overruled.

## ASSIGNMENT OF ERROR VIII

THE TRIAL COURT ERRED BY NOT GRANTING A FULL MISTRIAL.

{¶22} Mr. McIntyre asserts in his eighth assignment of error that the trial court erred in not granting a mistrial on all counts.

{¶23} His argument is premised on the conclusion that the 2009 sentencing entry was not a final appealable order. Thus, he asserts that the trial court had jurisdiction to grant a mistrial on all counts, and it erred in failing to do so. However, because the 2009 sentencing entry was final, the trial court lacked jurisdiction to grant his motion. *See Gilbert,* 143 Ohio St.3d 150, 2014-Ohio-4562, at ¶ 8-9. Mr. McIntyre's eighth assignment of error is overruled.

However, as the trial court did not have jurisdiction to grant Mr. McIntyre's motion for a mistrial, we vacate its order to the extent it granted a mistrial on count three.

## ASSIGNMENT OF ERROR X

THE TRIAL COURT ERRED BY NOT RELEASING [MR. MCINTYRE] FROM CUSTODY AFTER THE OPEN COURT HEARING ON JULY 18, 2014.

{¶24} In his tenth assignment of error, Mr. McIntyre maintains that the trial court erred in failing to release him from custody after his resentencing hearing.

{¶25} Again his argument is premised on the conclusion that the 2009 sentencing entry was not a final, appealable order. This argument appears to center around the fact that Mr. McIntyre's convictions in this matter resulted in the Adult Parole Authority revoking his parole in another case. Mr. McIntyre thus maintains that, because there was no final, appealable order in the instant matter, the Adult Parole Authority lacked jurisdiction to revoke Mr. McIntyre's parole, and as Mr. McIntyre had served his sentence in this case, the trial court should have ordered Mr. McIntyre released.

{¶26} As noted above, the 2009 sentencing entry was a final, appealable order. Mr. McIntyre has not argued that he should have been released if the 2009 entry was final and appealable, and we therefore overrule his argument on that basis. App.R. 16(A)(7). Mr. McIntyre's tenth assignment of error is overruled.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY NOT ISSUING AN ACQUITTAL PURSUANT TO CRIM.R. 29 ON THE TAMPERING WITH EVIDENCE, TAMPERING WITH RECORDS, AND THEFT CHARGES BECAUSE THE EVIDENCE WAS INSUFFICIENT AS TO [MR. MCINTYRE'S] PURPOSE.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY NOT GRANTING [MR. MCINTYRE'S] CRIM.R. 29 MOTION FOR ACQUITTAL ON THE TAMPERING WITH EVIDENCE CHARGE BECAUSE THE EVIDENCE WAS INSUFFICIENT AS TO THE COURT FILES AND THEIR CONTENTS CONSTITUTING AS "EVIDENCE."

## ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED BY ENGAGING IN IMPROPER QUESTIONING OF WITNESSES THAT WAS PREJUDICIAL.

## ASSIGNMENT OF ERROR VI

THE TRIAL COURT ERRED BY ALLOWING IMPERMISSIBLE HEARSAY EVIDENCE.

## ASSIGNMENT OF ERROR VII

THE TRIAL COURT ERRED BY PROVIDING FAULTY JURY INSTRUCTIONS.

{¶27} Mr. McIntyre's first, second, fifth, sixth, and seventh assignments of error all relate to alleged trial errors. Mr. McIntyre's arguments are barred by res judicata.

{¶28} As stated above, Mr. McIntyre's 2009 sentencing entry was a final, appealable order. "The scope of an appeal from a new sentencing hearing is limited to issues that arise at the new sentencing hearing." *Wilson,* 129 Ohio St.3d 214, 2011-Ohio-2669, at ¶ 30. Mr. McIntyre's resentencing hearing was limited to considering whether certain offenses were allied. The trial court did not find any additional offenses were allied. Moreover, "the guilty verdicts underlying [his] sentences remain[ed] the law of the case and [were] not subject to review." *McIntyre III,* 2012-Ohio-5657, at ¶ 13, quoting *Wilson* at ¶ 15. Accordingly, res judicata bars him from raising these arguments now. *McIntyre III* at ¶ 13.

{¶29} Mr. McIntyre's first, second, fifth, sixth, and seventh assignments of error are overruled.

IV.

**{¶30}** Mr. McIntyre's fourth assignment of error is sustained to the extent stated above and the trial court's sentencing entry is vacated to the extent discussed above. Additionally, the trial court's order granting Mr. McIntyre's motion for a mistrial is vacated to the extent it granted the mistrial with respect to count three. Mr. McIntyre's remaining assignments of error are overruled. The trial court is instructed to issue a sentencing entry that comports with the allied offense determinations it made at the most recent resentencing hearing and this Court's opinion.

Judgment affirmed in part,
vacated in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
SCHAFER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

STEPHEN P. HANUDEL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.